**Orvil John PEAKE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–87–00590–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

July 28, 1988.
Rehearing Denied Aug. 18, 1988.

Kirby Taylor, Ross & Taylor, Houston, for appellant.

John B. Holmes, Dist. Atty. of Harris County, Cathy Herasimchuk, Asst. Dist. Atty. of Harris County, Vic Wesner, Asst. Dist. Atty., for appellee.

Before JACK SMITH, COHEN and STEPHANOW, JJ.

## OPINION

JACK SMITH, Justice.

This is an appeal from a conviction of indecency with a child. The jury found appellant guilty and assessed punishment at 12 years confinement and a $5,000 fine. Appellant brings nine points of error.

■ In his first point of error, appellant contends that his due process rights were violated when the prosecutor inflamed the jury's mind by informing them that appellant had confessed.

The record indicates that appellant requested and the trial court held a hearing on the motion to suppress a tape recording of appellant speaking to a fire department official prior to the administering of a lie detector test. In this tape, appellant allegedly confessed to the allegations in the indictment. The trial court overruled the motion, and the trial commenced.

During his opening statement the prosecutor stated:

This defendant was called in [to the fire department] when these allegations came forward and before Mr. Wood was going to give this defendant a polygraph, they conducted a prepolygraph [sic] interview and I'm going to bring you that interview and a portion of this defendant— *when this defendant spells out the acts and explicitly confesses his guilt to this indictment.* We will have a transcript of that so you can follow along.

But, ladies and gentlemen, in addition to the fact that our complainant is going to testify and you have absolutely no reason to doubt her, her testimony will be corroborated by the medical records in this case, the H.P.D. officer. *I'll bring you the tape of this defendant where he admits to the offense that occurred.* [Emphasis added.]

Later, during trial, the appellant objected to the admission of the tape, and an additional hearing was held. After hearing new evidence that had not been offered at the pre-trial hearing, the trial court reversed its earlier ruling and denied the State's motion to admit the tape. Therefore, the question before this Court is whether the prosecutor's remarks were harmful, and, if so, was such harm to the extent that it requires a reversal.

■ Tex.Code Crim.P.Ann. art. 36.-01(a)(3) (Vernon Supp.1988) provides that in opening argument "[t]he State's attorney shall state to the jury the nature of the accusation and the facts which are expected to be proved by the State in support thereof." A preliminary statement of what the State expects to prove is therefore proper. There is no error when a prosecutor through his opening statement alleges a confession when the defendant's remarks are thereafter properly admitted into evidence. *Banks v. State*, 643 S.W.2d 129, 133 (Tex.Crim.App.1982). However, in the instant case, the confession was never introduced.

Because we have found no Texas case on point, we turn to the federal courts for guidance. The federal courts of appeals have stated that: "[w]here a statement by the Government in opening argument is not substantiated at trial by a subsequent ruling by the trial judge, both the good faith on the part of the prosecution and the impact of the statements in the context of the particular trial must be assessed." *United States v. Akin*, 562 F.2d 459, 466 (7th Cir.1977); *United States v. Prieto*, 505 F.2d 8, 12 (5th Cir.1974).

In *Prieto*, appellant complained of the prosecution's remarks about his possessing a firearm during the cocaine transaction. The indictment originally included a charge for possession of a firearm during the commission of a felony; however, that allegation was severed after the prosecution's opening argument, on appellant's own motion. The court affirmed and held that "the sufficiency of the evidence ... was not close, the references to the gun were

brief and were not touted as a crucial part of the prosecution's case." *United States v. Prieto,* 505 F.2d at 12.

In *Akin,* the court held that the prosecutor had not acted in bad faith when he stated that a witness would testify that the defendant had made a number of visits to the scene of the robbery, where the trial court later held that the testimony was not admissible. In applying a harm analysis, the court held that defendant was not prejudiced because: (1) the prosecutor's reference to the testimony was brief and without undue emphasis; (2) the jury was "expressly instructed not to consider statements by counsel as evidence"; and (3) "the defendants failed to point out to the trial judge the alleged error resulting from the unsubstantiated statement in the Government's opening statement and move for that reason for a mistrial, a new trial or a curative instruction." *United States v. Akin,* 562 F.2d at 466.

Additionally, the federal courts in *United States v. Wright–Barker,* 784 F.2d 161, 175 (3d Cir.1986) (opening argument referenced prior bad acts), and *United States v. DeRosa,* 548 F.2d 464, 471 (3d Cir.1977) (references to conversations recorded by wiretap), have held that an appellant's failure to object or request a curative instruction is indicative of lack of prejudice when the appellant himself at trial "did not sense prejudice." *United States v. DeRosa,* 548 F.2d at 472.

In applying this test to the instant case, because the prosecutor had no way of knowing that the court would reverse its ruling, it is clear that he was acting in good faith when he referred to appellant's alleged confession. Thus, we consider the impact of his statement. First, the prosecutor stated that appellant had admitted his guilt, and had done so on tape. This fact was mentioned twice in what can be considered a fairly short opening state-

ment, covering less than four pages in the record.

■ Second, as the State points out, appellant did not object to the prosecutor's statement. However, appellant was not required to object because the court had already overruled appellant's motion to suppress the "confession." Once a motion to suppress is overruled, the error is preserved and a defendant need not object again. Tex.R.App.P. 52(b). Additionally, we note that appellant's counsel was ordered by the court not to discuss the failure of the State to introduce the confession. The court stated that if appellant "does slip and do it, then I'll open it up."

Third, we consider the evidence and the effect the prosecutor's statement may have had on the jury. Reviewing the evidence, the complainant testified that appellant, her step-father, assaulted her, and she related several different incidents. One series of instances occurred two years earlier, and prompted the entire family to undergo family counseling. Additionally, there was the medical evidence, which included the complainant's medical history and the notation "[h]ymen disrupted with questionable old tears...." Appellant's defense, as gleaned from reviewing appellant's cross-examination and the testimony of his own witnesses, was that the complainant was fabricating the incidents in retaliation for appellant's disciplinary actions.

Because the correctness of the judge's ruling on the admissibility of the "confession" is not before us, our only concern is what effect the prosecutor's statement had on the jury in its deliberations. Reviewing the evidence as enunciated above and applying Tex.R.App.P. 81(b)(2), we conclude that appellant was harmed by the prosecutor's remarks that appellant had confessed to the crime.[1]

Appellant's first point of error is sustained.

■ In light of the *Burks–Greene*

---

1. Apparently, the prosecutor also felt that error had occurred when the trial court reversed its ruling on the admissibility of the tape by stating: "I'm just afraid of what would happen on appeal if the cassette does not get in, after my opening statement" and "I'm afraid there may be error built into the case since I mentioned that tape in my opening statement...."

Rule[2], we address appellant's fourth point of error, which contends that there is insufficient evidence to support his conviction. Specifically, appellant contends that the State failed to prove that he touched the complainant with the specific intent to arouse or gratify his sexual desire.

"The requisite specific intent to arouse or gratify the sexual desire of any person can be inferred from the defendant's conduct, his remarks and all the surrounding circumstances." *McKenzie v. State,* 617 S.W.2d 211, 216 (Tex.Crim.App.1981); *Cruz v. State,* 742 S.W.2d 545 (Tex.App.—Austin 1988, no pet.). When reviewing the sufficiency of the evidence to sustain a criminal conviction, the applicable standard is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *McGoldrick v. State,* 682 S.W.2d 573, 577 (Tex.Crim.App.1985).

The complainant testified that the first time that appellant had sexual contact with her was while she was a passenger in his car on the way to school in 1985. She stated that he touched his hand to her vagina. She said that this happened five or six times prior to her reporting it to her school counselor. She stated that as a result of these incidents, the family sought counseling and she temporarily moved in with her grandparents. Eventually, she returned to live with the family, and appellant did not assault her again until December of 1986 or January of 1987. The complainant testified that appellant would enter her bedroom at night or early morning while she and the other members of her family were sleeping, and that he would put his hand under the blankets, lift her nightgown, and touch her genitals, causing her to awaken. She testified that she would awaken feeling his hand on her and then would see him pulling his arm out from under her blanket.

Viewing the evidence in the light most favorable to the prosecution, we conclude that a rational trier of fact could reasonably infer that appellant touched the complainant with the intent to arouse or gratify his sexual desires.

Appellant's fourth point of error is overruled.

■ We address also the appellant's final point of error, where he complains of the trial court's denial of his motion to quash the indictment. Specifically, appellant contends that the indictment failed to put him on notice about that part of the complainant's body he was accused of touching.

The indictment alleged that appellant had "sexual contact by touching the genitals of" the complainant. Appellant contends that because genitals includes the vagina and the surrounding vulva, he did not have sufficient notice to prepare his defense. Appellant cites *Clark v. State,* 558 S.W.2d 887 (Tex.Crim.App.1977), in support of his contention. In *Clark,* the court refused the appellant's argument that the urinary tract was not part of the genitals and held that genitals includes the vagina and the vulva, which immediately surrounds the vagina.

When considering a motion to quash an indictment, it is not sufficient to say that the defendant knew what offense he or she was charged with committing; rather, the question is whether the face of the charging instrument sets forth in plain, intelligible language sufficient information to enable an accused to prepare a defense. *Lewis v. State,* 659 S.W.2d 429 (Tex.Crim.App.1983); *Winthrop v. State,* 735 S.W.2d 545, 546 (Tex.App.—Houston [1st Dist.] 1987, pet. ref'd). "An indictment shall be deemed sufficient which charges the commission of the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged, and enable the court, on conviction, to pronounce the proper judg-

---

**2.** The fifth amendment precludes a second trial once the reviewing court has found the evidence insufficient to sustain the jury's verdict of guilty.

*Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).

ment...." Tex.Code Crim.P.Ann. art. 21.-11 (Vernon 1966).

The language used in the indictment tracked the language in the statute. An indictment that tracks the language of the statute is generally sufficient in the face of a motion to quash. *Moreno v. State,* 721 S.W.2d 295, 300 (Tex.Crim.App.1986). Subject to rare exception, if an indictment tracks the language of the statute it will be sufficient. *Thomas v. State,* 621 S.W.2d 158 (Tex.Crim.App.1981) (op. on reh'g). We conclude that the indictment in the instant case set forth in plain language sufficient information to give appellant adequate notice of the offense he allegedly committed and sufficient information to prepare his defense.

Appellant's ninth point of error is overruled.

Because of our holding on appellant's first point of error, which requires a new trial, we do not address appellant's other points of error.

The judgment of the trial court is reversed, and the cause remanded for a new trial.