**Orvil John PEAKE, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 932–88.

Court of Criminal Appeals of Texas, En Banc.

June 27, 1990.

Bobbi Blackwell, Kirby J. Taylor, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Cathleen C. Herasimchuk and Vic Wisner, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

MILLER, Judge.

Appellant was convicted by a jury of indecency with a child. V.T.C.A. Penal Code § 21.11(a)(1). The jury also assessed his punishment at twelve years confinement and a $5000 fine. On direct appeal, appellant raised nine points of error, one of which was sustained by the court of appeals, and the court of appeals reversed appellant's conviction and remanded the cause for a new trial.[1] *Peake v. State,* 755 S.W.2d 541 (Tex.App.—Houston [1st] 1988). We granted the State's petition to address two intertwined issues, to wit: whether the court of appeals erred in failing to apply the contemporaneous objection rule to the alleged trial error and whether the court of appeals erred in its application of the harmless error rule of Tex.R.App.Proc. 81(b)(2). We will reverse the judgment of the court of appeals.

A brief recitation of the facts of this case is necessary for disposition of the State's grounds for review. Appellant filed a motion to suppress a tape recorded statement he made to a polygraph examiner employed by the City of Houston Fire Department during a pretest interview. The tape was made pursuant to an internal investigation by the fire department, of which appellant was an employee, to determine the veracity of appellant's denial of the accusations against him made by his stepdaughter leading to this conviction. During the course of the pretest interview appellant confessed to committing the alleged offense.

The trial judge held a pretrial hearing on appellant's motion to suppress which alleged the statement was not voluntary and was obtained through "trickery, fraud and deceit and in violation of the Fourth Amendment and the Constitutions of the State of Texas and the United States." At the conclusion of the presentation of evidence by the State, the trial judge overruled appellant's motion.[2] The prosecutor then expressed his intention of mentioning the tape in his opening statement. After telling the jury his opening remarks were not evidence, the prosecutor informed the jury he would bring Tom Wood, the polygraph examiner, to testify appellant "explicitly confesse[d] his guilt to this indictment" and would also bring the tape wherein appellant admits the offense occurred. Appellant did not object to any portion of the prosecutor's opening statement.

Prior to Wood testifying but after all other State's witnesses had testified, appellant requested another hearing to determine the voluntariness of his statements on the tape before the State introduced the tape into evidence through Wood's testimony. The judge listened to the contents of the tape and allowed appellant to put forth evidence to support his claim of involuntariness. After much confusion as to the se-

---

1. The court of appeals addressed only three of appellant's nine points of error. After sustaining appellant's first point, the court of appeals addressed appellant's challenge to the sufficiency of the evidence and the trial court's ruling on his motion to quash the indictment. The court of appeals overruled both these points, numbers four and nine, neither of which is subject to our review in this petition.

2. Although the trial judge had already ruled on the suppression motion, defense counsel, at the hearing, further objected to the admissibility of the tape for failure to lay a proper predicate. The prosecutor responded that the tape was not in evidence yet, and he would lay the proper predicate at the time he offered the tape into evidence during trial.

quence of events and after argument from both sides, the trial judge reversed his previous ruling on the suppression motion and granted the appellant's motion even though it was "against [his] better judgment". Immediately thereafter the State rested its case.

In the court of appeals, appellant contended his due process rights were violated by the prosecutor's opening remarks to the jury about the confession when the confession was not later admitted into evidence. The appellate court recognized that a preliminary statement by the State as to what it expects to prove at trial is proper under Art. 36.01(a)(3), V.A.C.C.P., and that there is no error when a prosecutor through his opening statement alleges a confession and, thereafter, the confession is properly admitted into evidence. *Peake*, 755 S.W.2d at 542, citing *Banks v. State*, 643 S.W.2d 129 (Tex.Cr.App.1982). In this case, however, the court of appeals implicitly found error because the taped confession was never introduced into evidence because of the trial judge's reversal of his ruling, although finding no Texas case on point.

The court of appeals sought guidance on this issue from the federal courts. The court relied on the following language in addressing the harm of the alleged error:

> [w]here a statement by the Government in opening argument is not substantiated at trial by a subsequent ruling by the trial judge, both the good faith on the part of the prosecution and the impact of the statement in the context of the particular trial must be assessed. *United States v. Akin*, 562 F.2d 459, 466 (7th

Cir.1977); *United States v. Prieto*, 505 F.2d 8, 12 (5th Cir.1974).

The court of appeals then applied this federal "test" to the case *sub judice*. First the court of appeals found the prosecutor acted in good faith when he referred to appellant's confession in his opening statement because he had no way of knowing the trial judge would reverse his ruling. Thus, the court of appeals proceeded to determine the impact of the statement on the jury.[3] After reviewing the substantive and procedural facts of the case, the court of appeals determined appellant was harmed by the prosecutor's opening remarks and reversed the conviction. *Peake*, 755 S.W.2d at 543, 545.

The State contends in its petition that appellant is not entitled to a reversal of his conviction because he failed to complain at trial that the prosecutor's remarks denied him a fair trial. The court of appeals considered appellant's failure to object when analyzing the "impact of [the prosecutor's] statement" and concluded appellant was not required to object because the trial judge had already overruled his motion to suppress which preserved the error. *Id.* at 543, citing Tex.R.App.Proc. 52(b).[4] The State contends in its petition that the court of appeals' opinion is in conflict with the contemporaneous objection rule and that the court failed to follow Tex.R.App.Proc. 52(a) or Tex.R.Crim.Evid. 103.[5]

 We find appellant and the court of appeals misapply Rule 52 in this case. As for a general principle of law, the court of appeals is correct that a defendant need not object at trial to the admission of cer-

---

**3.** The court of appeals correctly points out in its opinion that the correctness of the trial judge's ruling on the admissibility of the taped confession was not before them. The only issue presented was whether the prosecutor's remarks harmed appellant. *Peake,* 755 S.W.2d at 543.

**4.** The applicable rule is actually section (a) of Rule 52, *Preservation of Appellate Complaints.* This section provides in pertinent part:

 **(a) General Rule.** In order to preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling he desired the court to make if the specific grounds were not

apparent from the context. It is also necessary for the complaining party to obtain a ruling upon the party's request, objection or motion ...

**5.** We find Tex.R.Crim.Evid. 103 is inapplicable in this case. Rule 103 applies to erroneous rulings as to the admission or exclusion of evidence. We are not addressing, nor were we asked to review, the propriety of the trial judge's ruling on appellant's motion to suppress. Rather, the only issue confronting us at this point is whether the court of appeals correctly decided appellant preserved error for appellate purposes.

tain evidence once he has already received an adverse ruling on his motion to suppress that same evidence. See and cf. *Dean v. State,* 749 S.W.2d 80 (Tex.Cr.App.1988). Thus, as to the admissibility of the taped statement, appellant had properly preserved that issue for review. The error raised in this case, however, is not the admission of certain evidence subject to a motion suppress, although it is a tangential issue not raised in this petition, but rather whether appellant was required to object to the prosecutor's opening statement *at some point during his trial* to preserve that alleged error for review.

Certainly at the time the prosecutor made his opening remarks there was no reason for appellant to object to his statement regarding the taped confession. The trial judge had overruled appellant's motion to suppress the confession, so the State had that evidence available to use in its prosecution and thus could inform the jury of its intent to prove such confession during trial. Art. 36.01, V.A.C.C.P. At this point in time, no error had been committed by the prosecutor; his opening statement was proper, and any objection by appellant would have been improper.

The "error" in the State's opening remarks only came to light when the trial judge reversed his ruling during trial on the motion to suppress the confession. Only then was it apparent the State would not be allowed to introduce the confession into evidence as it had told the jury it would, and then and only then did any possible harm arise from the State's telling the jury appellant had confessed to this offense. It was incumbent upon appellant at this point to notify the trial judge of the error, by objection or motion for mistrial, so that any harm resulting from the error could be cured. See *Zillender v. State,* 557 S.W.2d 515 (Tex.Cr.App.1977), fn. 1. Appellant failed to do either, even though the

prosecutor expressed his concern that reversible error was now present in the record in light of his opening statement and the trial judge's reversed ruling on the motion to suppress.[6] The trial judge's original ruling on the motion preserved error only as to the *admissibility* of the confession, as we noted *supra* at p. 459. Thus, we hold appellant failed to preserve this error for review, and the court of appeals erred in addressing the issue. The State's first ground for review is sustained.

We find it is unnecessary to address the merits of the State's second ground for review because of our holding as to its first. The State complains in this second ground of the appellate court's harm analysis under Tex.R.App.Proc. 81(b)(2). Since we have determined appellant failed to preserve any error for review, the court of appeals erred in addressing any harm from this alleged error. Thus, we conclude only that the court of appeals erred in undertaking a harm analysis, and we do not address the substance of the court of appeals' analysis. To that extent, the State's second ground for review is also sustained.

We therefore reverse the judgment of the court of appeals but remand this cause to that court to address appellant's remaining points of error. See fn. 1, *supra.*

CLINTON, Judge, dissenting.

The majority sees the "error" [sic] as "whether appellant was required to object to the prosecutor's opening statement *at some point during his trial* to preserve that alleged error for review." Opinion at 459.[1] That point, the majority says, came when the trial judge changed his ruling on admissibility of the confession; then "[i]t was incumbent upon appellant ... to *notify the trial judge of the error,* by objection or motion for mistrial, *so that any harm resulting from the error could be cured,"* citing *Zillender v. State,* 557 S.W.2d 515, n. 1 (Tex.Cr.App.1977). Opinion at 459.

---

6. In Judge Clinton's dissent in this case, Op. at p. 460, he notes the parties in this case acknowledged the trial judge's reversed ruling on the motion to suppress interjected error into the trial, and that the trial judge attempted to "cure" that error by not allowing defense counsel to mention during jury argument that the State

failed to introduce the taped confession into evidence. Defense counsel did not object to this "cure" by the trial judge, nor did counsel move for a mistrial in light of these circumstances.

1. Emphasis in original; all other emphasis is mine throughout unless otherwise indicated.

Before concluding that appellant "failed to preserve this error for review," the majority mentions but a portion of the colloquies assaying the dilemma created by now excluding the confession (i.e., prosecutor's expression of concern that reversible error was in the case), *ibid.* It overlooks crucial parts bearing on the issue discussed by both parties and the court of appeals.[2]

In its PDR the State says:

"... In an effort to be fair to the State, which had relied upon the trial court's original ruling in mentioning the tape in opening statement, the judge *told the appellant* not to discuss, during closing argument, why the State failed to offer the tape it had earlier promised to bring the jury. (R. III—302–303.)"

PDR at 4.

In his brief appellant points out that the trial court "expressly ordered defense counsel not to discuss the failure of the State to introduce the confession." Brief at 12.

In its opinion the court of appeals said much the same and went so far as to quote the court, *viz:* "The court stated that if appellant 'does slip and do it, then I'll open it up.'" *Peake v. State*, 755 S.W.2d 541, at 543 (Tex.App.—Houston [1st] 1988).

In these circumstances, to require appellant somehow "to notify the trial judge of the error ... so that any harm resulting from the error could be cured" ignores the reality that the judge was well aware of the situation presented by his own ruling, and he and parties were then and there grappling with that very "error" in order to find a way to cure it. Neither *Zillender v. State*, supra, nor Rule 52(a) demand a ritualistic cant precede efforts by a trial judge to find a solution to a problem the court and parties already recognize and acknowledge exists. Moreover, when the trial judge devised a "cure" for the error by directing counsel for appellant not to mention the fact that the State failed to introduce his taped confession to the jury, the court imposed a *fait accompli*, effectively foreclosing every avenue of contemporaneous protest available to appellant.

For those reasons as well as reasons given below for its decision, I would affirm the judgment of the Houston [1st] Court of Appeals. Because the majority does not, I respectfully dissent.

TEAGUE, J., joins in this opinion.

2. The matter came up twice: immediately after the ruling and later just before the charge on guilt/innocence was read to the jury.

When the prosecutor asserted the ruling was incorrect and requested time to research the law because he was "afraid of what would happen on appeal if that cassette does not get in, after my opening statement," III SF 207, and counsel for appellant was interjecting remarks in support of the ruling, the court concluded the exchange, *viz:*

"We'll leave it. We'll take a chance on that. We're going to move on. We'll move on. We're going to take a chance on that; and the Court's not going to always be right, either, always be right. Not always going to be right, and I don't think you would have any problem if there is a finding. I don't know one way or the other. Leave it."

In the presence of the jury the State rested. *Id.*, at 208–210.

Later, after appellant and the State adduced additional evidence, the prosecutor broached the subject again, generating another colloquy, *viz:*

"[STATE]: I beg the Court's indulgence. I would like again to reurge the admissibility of

the tape or allow the State to research the law even further. I'm confident I could bring the Court even more cases to show that tape is admissible. I'm worried about the consequences of this trial since I mentioned the tape in my opening argument, fully believing that it would be admissible.

\* \* \* \* \* \*

[COURT]: I'll tell you what I'll do. *I'll cure that.* I'm not going to do that: but I'll allow— I'll *require the defense to not make mention of the fact you didn't bring a tape so you won't get into that situation,* since it wasn't brought. So we'll—that way—I know what you're saying, It happens sometime. 'Well, they said we're going to do this and that. Why didn't they? Must be hiding something.'

So I don't want that happening. If the defense does slip and do it, *then I'll open it up.*

[DEFENSE]: Oh, no.

[COURT]: That should be strong enough for them not to get you into that trick bag.

Let's bring the jury."

*Id.,* at 302–303