Harvey Byron WADE, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–90–169–CR.

Court of Appeals of Texas,
Waco.

July 11, 1991.

Bill A. Leonard, Cleburne, for appellant.

Dan M. Boulware, Dist. Atty., Jenifer O. Lawing, Asst. Dist. Atty., Cleburne, for appellee.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

CUMMINGS, Justice.

Appellant was convicted by a jury of the offense indecency with a child and sentenced to ten years in prison. *See* TEX.PE-NAL CODE ANN. § 21.11 (Vernon 1989). We will affirm.

Appellant complains in his first two points that the trial court erred in denying his motion to suppress and in failing to declare a mistrial when the results of a polygraph test were disclosed to the jury.

The first question we must address is whether the motion which Appellant filed with the court was a motion to suppress or a motion in limine. Appellant titled the document "Motion to Suppress Testimony;" however, that is not the determining factor in deciding whether it is a motion to suppress or a motion in limine.

 A motion to suppress is a specialized objection regarding the admissibility of evidence. *Hill v. State*, 643 S.W.2d 417, 419 (Tex.App.—Houston [14th Dist.] 1982) *aff'd*, 641 S.W.2d 543 (Tex.Crim.App.1982). Suppression is the proper remedy when evidence is illegally obtained in violation of the defendant's rights. *Jackson v. State*, 717 S.W.2d 713, 715 (Tex.App.—San Antonio 1986, pet. ref'd, untimely filed). Article 28.01 of the Code of Criminal Procedure vests the trial court with the discretion of whether to hold a hearing on a pre-trial motion to suppress. TEX.CODE CRIM.PROC. ANN. art. 28.01 (Vernon 1989); *Calloway v. State*, 743 S.W.2d 645, 649 (Tex.Crim.App. 1988); *Roberts v. State*, 545 S.W.2d 157, 158 (Tex.Crim.App.1977). The court may choose to determine whether to suppress the evidence complained of during the trial on the merits when a proper objection is lodged. *Calloway*, 743 S.W.2d at 649. Even if the defendant specifically requests a pre-trial suppression hearing, no error is presented if the court declines to hear the matter. *Id.* The accused has not been denied any right since he may raise any appropriate objection at trial. *Id.* If the trial judge proceeds with a hearing on the motion to suppress, he is vested with the discretion to believe or disbelieve any or all of witness's testimony since he is the factfinder for purposes of the suppression hearing. *Walker v. State*, 588 S.W.2d 920, 924 (Tex.Crim.App.1979); *Luckett v. State*, 586 S.W.2d 524, 527 (Tex.Crim.App.1979). If the motion to suppress is denied, it is not necessary that the defendant renew his objection during the trial on the merits in order to preserve error, since he has received an adverse ruling. *Peake v. State*, 792 S.W.2d 456, 458–59 (Tex.Crim.App. 1990). If a motion to suppress is granted, it is necessary for the defendant to object to the excluded evidence if interjected at trial in order to preserve error. TEX. R.APP.P. 52(a).

 A motion in limine seeks to exclude objectionable matters from coming before the jury through a posed question, jury argument, or other means. *Norman v. State*, 523 S.W.2d 669, 671 (Tex.Crim. App.1975). In essence a motion in limine's fundamental purpose is to obtain an order

requiring an initial offer of objectionable evidence out of the jury's presence. M. TEAGUE, B. HELFT, 3 TEXAS CRIMINAL PRACTICE GUIDE § 73.02[2] (1990). By its own nature it is wider in scope than the sustaining of an objection made after the objectionable matter has been expressed. *Norman*, 523 S.W.2d at 671. Additionally, a motion in limine is subject to reconsideration by the court at any time during trial because it may not be enforced to exclude properly admissible evidence. *Id.* When the trial court grants a motion in limine we do not "know what, if any, specific evidence or other matters have been excluded." *Id.* It is the offer and ultimate ruling to exclude evidence that creates a record suitable for us to determine whether reversible error occurred. *Id.* The remedy for violation of a motion in limine rests with the trial court. *Brazzell v. State*, 481 S.W.2d 130, 131 (Tex.Crim.App.1972). The trial court may hold the litigant in contempt or use any other appropriate remedies. *Id.* It is not the granting of the motion in limine which constitutes grounds for error on appeal, but the exclusion of the evidence when offered with a request for reconsideration. *Norman*, 523 S.W.2d at 671.

■ The established rule prohibits the admission of evidence regarding the results of a polygraph test by the state or the accused. *Shiflet v. State*, 732 S.W.2d 622, 630 (Tex.Crim.App.1985); *Nethery v. State*, 692 S.W.2d 686, 700 (Tex.Crim.App.1985). The motion in question was filed by Appellant immediately before the testimony of Richard Wood, a polygraph examiner. The motion sought to exclude (1) Wood's testimony entirely since he was a paid agent of the State and had not given Appellant a Miranda warning before the questioning and (2) the results of a polygraph examination. The judge allowed Appellant to take Wood on voir dire and then the State tendered Wood's testimony that Appellant admitted that he had rubbed the victim's vagina. The court then overruled Appellant's motion; however, he did instruct the State "to stay totally and completely clear from any questions involving the polygraph that was administered or the results...." The

question of whether this motion is a motion in limine or a motion to suppress is decisive, since an adverse ruling on a motion in limine preserves nothing for our review and an adverse ruling on a motion to suppress preserves error. *See Gonzales v. State*, 685 S.W.2d 47, 50 (Tex.Crim.App. 1985); *Roberts*, 545 S.W.2d at 158.

■ The motion first sought to exclude the testimony of Wood since he was an agent of the State and did not give Appellant a Miranda warning. This first ground of exclusion is based upon a violation of Appellant's rights and therefore is proper in a motion to suppress. The second and third grounds of exclusion are based upon the rule prohibiting admission of polygraph results and that effective cross-examination of the witness is impossible without disclosing the polygraph results. These two grounds of exclusion are an attempt by Appellant to prohibit the introduction of polygraph results into evidence before the jury. Therefore, the proper method of exclusion would be by a motion in limine. Since we have the benefit of the hearing made upon Appellant's motion, we determine the motion regarding the suppression issue was properly denied since the witness testified at the hearing that he had administered a Miranda warning to Appellant. As to the grounds of exclusion proper for a motion in limine, the court in effect granted that portion of the motion by its instruction "to stay totally and completely clear from any questions involving the polygraph that was administered or the results...." Nothing is preserved by the court granting a motion in limine, and it then is Appellant's responsibility to object at trial in order to preserve the error if any of the objectionable evidence comes in. M. TEAGUE, B. HELFT, 3 TEXAS CRIMINAL PRACTICE GUIDE § 73.02[4][b] (1990); TEX.R.APP.P. 52(a). In Appellant's brief he argues that the following questioning, which occurred during the trial and before the jury, was error since it raised the polygraph issue:

[PROSECUTOR]: Mr. Wood, you're basically paid to give your opinion about the truthfulness and the specific facts

that are given to you by interviewed subjects; is that right?

[WITNESS]: Yes, sir.

[PROSECUTOR]: That's basically what you're paid for?

[WITNESS]: Yes, sir.

[PROSECUTOR]: You report your interview findings to the person that has hired you to conduct the interview?

[WITNESS]: That's correct.

[PROSECUTOR]: Have you given opinions in full belief of those opinions when you have interviewed a person who's denied any sexual activity.

[WITNESS]: Yes, Sir.

[APPELLANT'S ATTORNEY]: Your Honor, as an extent, I would object to his opinion in this matter because that's beginning to invade the province of the jury.

THE COURT: Sustained.

[APPELLANT'S ATTORNEY]: I would ask The Court to instruct the jury to disregard that answer.

THE COURT: The jury is instructed to disregard the witness's opinion.

[APPELLANT'S ATTORNEY]: I would ask The Court for a mistrial at this time based on it.

THE COURT: Denied.

[APPELLANT'S ATTORNEY]: Note my exception.

The problem presented is that Appellant raised a different objection at trial than on appeal. Without a proper trial objection on the same grounds as the complaint on appeal nothing is preserved for our review. *Rezac v. State*, 782 S.W.2d 869, 870 (Tex. Crim.App.1990); *Pyles v. State*, 755 S.W.2d 98, 116 (Tex.Crim.App.1988).

 Later in the trial, Appellant's wife, while being questioned by the State, interjected that Appellant failed the lie detector test. Now, the Appellant complains that a mistrial should have been granted since the results of the test were revealed to the jury. At trial, Mrs. Wade's testimony proceeded as follows:

[PROSECUTOR]: Did you have an opportunity to go to the jail and visit with your husband?

[WITNESS]: Yes, sir, I did.

[PROSECUTOR]: And during the course of that interview, isn't it true that he admitted he had touched [the victim]?

[WITNESS]: No, sir. He didn't admit to that. He only admitted he had failed the lie detector test is what he told me.

[PROSECUTOR]: Do you know who Sharon Anderson is?

[WITNESS]: No, sir. Someone came to see me at my home and I was very upset. I do not remember her name.

[PROSECUTOR]: Do you know who Robin Anderson is?

[WITNESS]: No, sir, I don't.

[APPELLANT'S ATTORNEY]: Your Honor, may we approach the bench?

(The following proceedings were held at the bench out of the hearing of the jury.)

[APPELLANT'S ATTORNEY]: I'm kind of at a loss of what kind of objection to make. She has brought up that polygraph test. I object to that testimony. It's inadmissible. I don't particularly want to object before the jury and bring all their attention to it. I object to the testimony. The State has called her as their witness. She has said there is a polygraph test involved.

THE COURT: Her answer was not responsive to the question.

. . . .

[APPELLANT'S ATTORNEY]: Perhaps an instruction to the witness to listen carefully to the questions and answer only what's been asked.

THE COURT: I'll give that.

[APPELLANT'S ATTORNEY]: I would request that.

. . . .

(The following was had in open court in the presence of the jury, the defendant, and all counsel.)

THE COURT: Ma'am, I'm going to instruct you as a witness to listen carefully to the questions propounded by counsel and answer those as succinctly as you can and don't volunteer additional narrative statements, if you please.

The Court's compliance with Appellant's request and the lack of further requested relief by Appellant presents nothing for review since Appellant received all relief requested. *See Reese v. State*, 531 S.W.2d 638, 641 (Tex.Crim.App.1976). The prosecutor then continued his questioning of Appellant's wife as follows:

[PROSECUTOR]: My question to you, Mrs. Wade, is did you have a conversation after your husband was charged with this crime?

[WITNESS]: Yes, sir.

[PROSECUTOR]: Did you go to Mrs. Anderson's house?

[WITNESS]: Yes, sir, I did.

[PROSECUTOR]: Why did you go?

[WITNESS]: Because I was due to babysit her daughter the next day.

She was a personal friend of Margie's and I did not think I should let the child come to my home under the circumstances. It might hurt my husband because he had been charged and I didn't think it was a good idea to have the child there because he had told me he did not pass the lie detector test.

[PROSECUTOR]: Mrs. Wade, it's very important that you listen to my questions.

[WITNESS]: Okay.

[PROSECUTOR]: [The Appellant's attorney] is here and he'll have an opportunity to ask you further questions.

[WITNESS]: Okay, sorry.

[PROSECUTOR]: Did you tell Mrs. Anderson—

[APPELLANT'S ATTORNEY]: Your Honor, may we approach the bench one more time?

THE COURT: You may do so.

(The following proceedings were held at the bench out of the hearing of the jury.)

[APPELLANT'S ATTORNEY]: Your Honor, at this time The Court has properly admonished the witness about responses and I do not personally feel it is any fault of The State and certainly don't feel it is any fault of my own. The statement about the lie detector test has

been twice and I would ask The Court for a mistrial.

THE COURT: Denied.

[APPELLANT'S ATTORNEY]: Note my exception.

Neither of Appellant's objections to admission of the testimony regarding the polygraph examination was timely since an objection must be lodged at the earliest opportunity. *See* Tex.R.App.P. 52(a); *Stevens v. State*, 671 S.W.2d 517, 521 (Tex.Crim. App.1984). Therefore, nothing is preserved for our review. Additionally, had the objection been timely the statement by the witness was interjected on her own accord after being instructed by the court to answer only the question asked of her. We cannot see how a non-responsive answer by a hostile witness can be error. Appellant's first and second points of error are overruled.

In Appellant's final point he complains that the trial court erred in overruling his objection to the court's instructions to the jury contained in the charge. The instruction complained of is as follows:

Our law provides that evidence of the administration or the results of any instrument whose object is to test the truthfulness of a person's statements are not admissible for any purpose. If there has been such evidence before you on the trial of this case, you are instructed to disregard such evidence and not consider it for any purpose whatsoever in your deliberations.

Appellant objected to the inclusion of this instruction since the instruction was given to the jury at the time the evidence was interjected and to instruct the jury on the law again would only serve to compound the problem.

When examining alleged error in the charge, we must review the charge as a whole without limiting our review to any part standing alone. *Inman v. State*, 650 S.W.2d 417, 419 (Tex.Crim.App.1983). Since the instruction objected to by Appellant was a correct statement of the law in Texas regarding the admissibility of polygraph results, we cannot see how, after reviewing the charge as a whole, its inclu-

sion would constitute reversible error. Appellant's final point is overruled and the judgment of the trial court is affirmed.