COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-038-CR

 

DANIEL LYNN FROH                                                             APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
COUNTY CRIMINAL COURT NO. 8 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant, Daniel Lynn Froh,
appeals his conviction for misdemeanor driving while intoxicated (DWI).  In one point, he complains that the trial
court improperly admitted statements he made during custodial interrogation
without proper warnings.  We affirm.








At 1:30 a.m. on July 17,
2004, Officer Russell Sowers stopped appellant for a traffic violation, and
when he approached appellant=s truck, he smelled alcohol. 
Appellant told Officer Sowers that he had consumed Aat least five@ beers.  When the officer told appellant that he
wanted to perform a test on his eyes, appellant said something like AI=m agreeing
with you,@ or AI agree with you.@  Officer Sowers then asked him
if he was saying he was intoxicated, and appellant responded, Ayes.@  After appellant failed several field sobriety
tests, Officer Sowers informed appellant of his Miranda rights and then
arrested him. 

After a pretrial suppression
hearing on appellant=s AMotion in Limine,@[2] the trial court found that appellant=s statements to Officer Sowers did not result from custodial
interrogation and denied appellant=s motion to suppress those statements at trial.  A jury later found appellant guilty of DWI,
and the court assessed punishment at thirty days in jail plus a $600.00 fine. 








In his sole point, appellant
argues that the trial court erred by denying his motion to suppress the
statements he made to Officer Sowers in violation of article 38.22 of the Texas
Code of Criminal Procedure[3]
and the Texas and United States Constitutions. 
At trial, however, he never mentioned article 38.22 as a ground for
excluding the statements.  Therefore, he
has waived this portion of his complaint on appeal.[4]


Appellant contends that the
admission at trial of his statements to Officer Sowers regarding how much he
drank and whether he was intoxicated violates his state and federal
constitutional rights against self-incrimination because they were made
involuntarily during a custodial interrogation without the benefit of Miranda
warnings.[5]  Appellant asserts that he was in custody at
the time the statements were made because Officer Sowers had probable cause to
arrest him for the traffic violation and he was not free to leave. 








When, as in this case, the
facts are undisputed and there are no questions of credibility or demeanor, we
review de novo the question of whether a statement was the product of custodial
interrogation.[6]








The United States Supreme
Court has held that a traffic stop does not constitute Acustody@ for Miranda
purposes.[7]   Courts have recognized, however, that
subsequent events may cause a noncustodial encounter to escalate into custodial
interrogation.[8]  In determining whether a noncustodial
encounter has so escalated, the following four factors are generally useful:
(1) existence of probable cause to arrest; (2) the subjective intent of the
police; (3) focus of the investigation; and (4) the subjective belief of the
defendant.[9]  Factors two and four have become irrelevant
except to the extent that they are manifested to the suspect through the words
and actions of law enforcement officials; Athe custody determination is based entirely upon objective
circumstances.@[10]   

After reviewing the
circumstances of appellant=s encounter with Officer Sowers, we hold that he was not in custody
for purposes of Miranda when he made the statements in question.  During the encounter, Officer Sowers asked
appellant if he had been drinking, asked how many beers he had consumed, told
appellant that he wanted to perform a test on appellant=s eyes, and verified if appellant was saying he was intoxicated.  While the officer=s questions concerning alcohol consumption and field sobriety
evaluations may indicate that appellant was under suspicion, they were not so
intrusive as to elevate the investigatory stop to a custodial interrogation.[11]









Additionally, although
Officer Sowers may have had probable cause to arrest appellant, mere existence
of probable cause alone is not sufficient to trigger Miranda; other
circumstances must exist for a reasonable person to believe that he is under
restraint to the degree associated with an arrest.[12]  Here, there are no circumstances that would
indicate to a reasonable person that appellant was under arrest when Officer
Sowers asked appellant about his drinking prior to administering the field
sobriety tests.[13]  He was, therefore, not in custody for the
purposes of Miranda when he gave the statements at issue to Officer
Sowers.  

We overrule appellant=s point and affirm the trial court=s judgment.  

 

PER CURIAM

PANEL A:   CAYCE,
C.J.; LIVINGSTON and GARDNER, JJ.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  May 11, 2006











[1]See Tex. R. App. P. 47.4.





[2]Although
appellant=s
motion was entitled a AMotion
in Limine,@ we
review it as a motion to suppress because it sought to suppress evidence on the
basis that it was illegally obtained.  See
State v. Roberts, 940 S.W.2d 655, 660 (Tex. Crim. App. 1996) (stating that
a motion to suppress has a technical meaning which applies only to illegally
secured evidence); Wade v. State, 814 S.W.2d 763, 764-65 (Tex. App.CWaco
1991, no pet.) (noting that title of a document as a AMotion
to Suppress@ is
not the determining factor in deciding whether it is a motion to suppress or a
motion in limine).  Therefore, because
appellant=s
motion sought to suppress allegedly illegally obtained evidence, appellant has
not waived this argument by failing to renew his objection when the evidence
was offered at trial.  Peake v. State,
792 S.W.2d 456, 458-59 (Tex. Crim. App. 1990).     





[3]See Tex. Code Crim. Proc. Ann. art.
38.22 (Vernon 2005) (providing the requirements for admitting a statement made
by an accused as a result of custodial interrogation).  





[4]See Tex. R. App. P. 33.1(a); Davidson v.
State, 25 S.W.3d 183, 186 n.4 (Tex. Crim. App. 2000) (stating that article
38.22 is a procedural evidentiary rule, and a timely, specific objection is
required to preserve error for appeal).  





[5]See U.S. Const. amends. V, XIV; Miranda
v. Arizona, 384 U.S. 436, 475, 86 S. Ct. 1602, 1628 (1966).  





[6]Guzman
v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997); Lewis
v. State, 72 S.W.3d 704, 706 (Tex. App.CFort Worth 2002, pet. ref=d).





[7]Berkemer
v. McCarty, 468 U.S. 420, 440, 104 S. Ct. 3138, 3150
(1984); State v. Stevenson, 958 S.W.2d 824, 829 (Tex. Crim. App. 1997). 





[8]Dowthitt
v. State, 931 S.W.2d 244, 254‑55 (Tex. Crim. App.
1996); Ussery v. State, 651 S.W.2d 767, 770 (Tex. Crim. App. 1983);
see also Berkemer, 468 U.S. at 443, 104 S. Ct. at 3146.   





[9]Stevenson, 958
S.W.2d at 829; Dowthitt, 931 S.W.2d at 254‑55; Meek v. State,
790 S.W.2d 618, 621‑622 (Tex. Crim. App. 1990).





[10]McRae
v. State, 152 S.W.3d 739, 748 (Tex. App.CHouston
[1st Dist.] 2004, pet. ref=d); Dowthitt, 931
S.W.2d at 254‑55; see also Stansbury v. California, 511 U.S. 318,
324‑26, 114 S. Ct. 1526, 1530 (1994); Berkemer, 468 U.S. at 442,
104 S. Ct. at 3151‑52.





[11]See
Stevenson, 958 S.W.2d at 828; McRae, 152 S.W.3d at
749;  Lewis, 72 S.W.3d at 713.





[12]See
Dowthitt, 931 S.W.2d at 255. 





[13]Cf.
Alford v. State, 22 S.W.3d 669, 672 (Tex. App.CFort
Worth 2000, pet. ref=d)
(reversing a DWI conviction because appellant=s
statement that he had six beers, which after having been handcuffed and placed on
the ground, was inadmissible in the absence of Miranda warnings).