FROH V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-038-CR

DANIEL LYNN FROH APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 8 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant, Daniel Lynn Froh, appeals his conviction for misdemeanor driving while intoxicated (DWI).  In one point, he complains that the trial court improperly admitted statements he made during custodial interrogation without proper warnings.  We affirm.

At 1:30 a.m. on July 17, 2004, Officer Russell Sowers stopped appellant for a traffic violation, and when he approached appellant’s truck, he smelled alcohol.  Appellant told Officer Sowers that he had consumed “at least five” beers.  When the officer told appellant that he wanted to perform a test on his eyes, appellant said something like “I’m agreeing with you,” or “I agree with you.”  Officer Sowers then asked him if he was saying he was intoxicated, and appellant responded, “yes.”  After appellant failed several field sobriety tests, Officer Sowers informed appellant of his 
Miranda
 rights and then arrested him. 

After a pretrial suppression hearing on appellant’s “Motion in Limine,”
(footnote: 2) the trial court found that appellant’s statements to Officer Sowers did not result from custodial interrogation and denied appellant’s motion to suppress those statements at trial.  A jury later found appellant guilty of DWI, and the court assessed punishment at thirty days in jail plus a $600.00 fine. 

In his sole point, appellant argues that the trial court erred by denying his motion to suppress the statements he made to Officer Sowers in violation of article 38.22 of the Texas Code of Criminal Procedure
(footnote: 3) and the Texas and United States Constitutions.  At trial, however, he never mentioned article 38.22 as a ground for excluding the statements.  Therefore, he has waived this portion of his complaint on appeal.
(footnote: 4) 

Appellant contends that the admission at trial of his statements to Officer Sowers regarding how much he drank and whether he was intoxicated violates his state and federal constitutional rights against self-incrimination because they were made involuntarily during a custodial interrogation without the benefit of 
Miranda
 warnings.
(footnote: 5)  Appellant asserts that he was in custody at the time the statements were made because Officer Sowers had probable cause to arrest him for the traffic violation and he was not free to leave. 

When, as in this case, the facts are undisputed and there are no questions of credibility or demeanor, we review de novo the question of whether a statement was the product of custodial interrogation.
(footnote: 6)
 The United States Supreme Court has held that a traffic stop does not constitute “custody” for 
Miranda
 purposes.
(footnote: 7)   Courts have recognized, however, that subsequent events may cause a noncustodial encounter to escalate into custodial interrogation.
(footnote: 8)  In determining whether a noncustodial encounter has so escalated, the following four factors are generally useful: (1) existence of probable cause to arrest; (2) the subjective intent of the police; (3) focus of the investigation; and (4) the subjective belief of the defendant.
(footnote: 9)  Factors two and four have become irrelevant except to the extent that they are manifested to the suspect through the words and actions of law enforcement officials; “the custody determination is based entirely upon objective circumstances.”
(footnote: 10)   

After reviewing the circumstances of appellant’s encounter with Officer Sowers, we hold that he was not in custody for purposes of 
Miranda
 when he made the statements in question.  During the encounter, Officer Sowers asked appellant if he had been drinking, asked how many beers he had consumed, told appellant that he wanted to perform a test on appellant’s eyes, and verified if appellant was saying he was intoxicated.  While the officer’s questions concerning alcohol consumption and field sobriety evaluations may indicate that appellant was under suspicion, they were not so intrusive as to elevate the investigatory stop to a custodial interrogation.
(footnote: 11) 

Additionally, although Officer Sowers may have had probable cause to arrest appellant, mere existence of probable cause alone is not sufficient to trigger 
Miranda
; other circumstances must exist for a reasonable person to believe that he is under restraint to the degree associated with an arrest.
(footnote: 12)  Here, there are no circumstances that would indicate to a reasonable person that appellant was under arrest when Officer Sowers asked appellant about his drinking prior to administering the field sobriety tests.
(footnote: 13)  He was, therefore, not in custody for the purposes of 
Miranda
 when he gave the statements at issue to Officer Sowers.  

We overrule appellant’s point and affirm the trial court’s judgment.  

PER CURIAM

PANEL A: CAYCE, C.J.; LIVINGSTON and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  May 11, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Although appellant’s motion was entitled a “Motion in Limine,” we review it as a motion to suppress because it sought to suppress evidence on the basis that it was illegally obtained.  
See State v. Roberts
, 940 S.W.2d 655, 660 (Tex. Crim. App. 1996) (stating that a motion to suppress has a technical meaning which applies only to illegally secured evidence); 
Wade v. State
, 814 S.W.2d 763, 764-65 (Tex. App.—Waco 1991, no pet.) (noting that title of a document as a “Motion to Suppress” is not the determining factor in deciding whether it is a motion to suppress or a motion in limine).  Therefore, because appellant’s motion sought to suppress allegedly illegally obtained evidence, appellant has not waived this argument by failing to renew his objection when the evidence was offered at trial.  
Peake v. State
, 792 S.W.2d 456, 458-59 (Tex. Crim. App. 1990).     

3:
See 
Tex. Code Crim. Proc. Ann.
 art. 38.22 (Vernon 2005) (providing the requirements for admitting a statement made by an accused as a result of custodial interrogation).  

4:
See 
Tex. R. App. P.
 33.1(a); 
Davidson v. State
, 25 S.W.3d 183, 186 n.4 (Tex. Crim. App. 2000) (stating that article 38.22 is a procedural evidentiary rule, and a timely, specific objection is required to preserve error for appeal).  

5:
See 
U.S. Const.
 amends. V, XIV;
 Miranda v. Arizona
, 384 U.S. 436, 475, 86 S. Ct. 1602, 1628 (1966)
.  

6:
Guzman v. State
, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997); 
Lewis v. State
, 72 S.W.3d 704, 706 (Tex. App.—Fort Worth 2002, pet. ref’d).

7:
Berkemer v. McCarty
, 468 U.S. 420, 440, 104 S. Ct. 3138, 3150 (1984); 
State v. Stevenson
, 958 S.W.2d 824, 829 (Tex. Crim. App. 1997). 

8:
Dowthitt v. State
, 931 S.W.2d 244, 254-55 (Tex. Crim. App. 1996);
 Ussery v. State
, 651 S.W.2d 767, 770 (Tex. Crim. App. 1983);
 see also Berkemer
, 468 U.S. at 443, 104 S. Ct. at 3146.   

9:
Stevenson
, 958 S.W.2d at 829; 
Dowthitt
, 931 S.W.2d at 254-55; 
Meek v. State
, 790 S.W.2d 618, 621-622 (Tex. Crim. App. 1990).

10:
McRae v. State
, 152 S.W.3d 739, 748 (Tex. App.—Houston [1st Dist.] 2004, pet. ref’d); 
Dowthitt
, 931 S.W.2d at 254-55; 
see also Stansbury v. California
, 511 U.S. 318, 324-26, 114 S. Ct. 1526, 1530 (1994); 
Berkemer
, 468 U.S. at 442, 104 S. Ct. at 3151-52.

11:
See Stevenson
, 958 S.W.2d at 828; 
McRae
, 152 S.W.3d at 749;
  Lewis, 
72 S.W.3d at 713.

12:
See Dowthitt
, 931 S.W.2d at 255. 

13:
Cf
.
 Alford v. State
, 22 S.W.3d 669, 672 (Tex. App.—Fort Worth 2000, pet. ref’d) (reversing a DWI conviction because appellant’s statement that he had six beers, which after having been handcuffed and placed on the ground, was inadmissible in the absence of 
Miranda
 warnings).