NUMBER
13-10-00570-CR

 

COURT
OF APPEALS

 

THIRTEENTH
DISTRICT OF TEXAS

 

                                  CORPUS
CHRISTI - EDINBURG

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



MALVIN SADLER,                                                               Appellant,

 

v.

 

THE STATE OF TEXAS,                                                      
Appellee.

 

 



On
appeal from the 24th District Court

of
De Witt County, Texas.

 

 



MEMORANDUM
OPINION  

 

Before
Chief Justice Valdez and Justices Rodriguez and Garza

Memorandum Opinion by Chief Justice Valdez

 

            A jury found appellant guilty of
unlawful possession of a firearm by a felon, and the trial court, after finding
two enhancement paragraphs to be true, imposed a prison sentence of 60 years.  See
Tex. Penal Code Ann. § 46.04
(West Supp. 2010).  By one issue, appellant challenges his conviction based on
allegedly improper remarks made by the prosecutor during his opening statement. 
For the reasons set forth below, we affirm.  

I. Background

            At trial, appellant objected to
three comments by the prosecutor that are now the subject of his appeal.  The
specific comments, objections, and rulings by the trial court are as follows.  

A.   Comments
Involving Limine Issues

[Prosecutor:]
             And I want you to ask yourselves this as you’re listening to that
evidence.  Ask yourselves, you know, what you think about that police work,
what you think about what might have happened had the police not been as
diligent as they were that evening.

 

[Defense
Counsel]: Your Honor, I’m going to object to the comments.  We’re getting into
limine issues, I believe it’s improper, and I’m going to ask the Court to
instruct the jury to disregard that last comment.

 

The
Court:                 Okay.  Well, I think I’m going to overrule that
objection, but I am listening.  

 

B.   Comments
About Ammunition

[Prosecutor:]              And
then I want you to ask yourself, and I think you will hear evidence as to how
was that gun loaded.  Was it loaded with, you know, seven-and-a-half bird shot,
was he going to go quail hunting or dove hunting.  I think the answer to that
question will be no, it wasn’t loaded with seven-and-a-half bird shot.  What it
was loaded with was six of the nastiest slugs you’ve ever seen.

[Defense
Counsel:] Your Honor, objection to the characterization of “the nastiest slugs
you’ve ever seen.”  This is a case about whether my client possessed a firearm
and that’s it, it’s not alleging ammunition or anything else.  And I believe
this is improper and I would ask for a ruling . . . . 

 

The
Court:                 Okay.  I’ll sustain the objection as to the term
‘nasty,’ but you may talk about ammunition. 

 

C.   Additional
Comments About Ammunition

[Prosecutor:]              What
it was loaded with were slugs that are used for big game, heavy animals
particularly, and it had different slugs.  It was six rounds of ammunition in
that shotgun.  I can’t remember, I think four slugs, two buckshot.  The slugs
are designed for big game, big animals, and these slugs were particularly
lethal because of the ridging that they had around them.  And we’ll show that
to you.  They had fins around them, basically, that would cause the slug to
spin and to cut.  They were also particularly large slugs, larger even than the
slugs the police issue in the guns that they use.  

 

[Defense
Counsel:] Your Honor, I’m going to object to this description.  This may not
even be entered into evidence over objection and this has gone way too far into
something my client’s not charged with.  This is argument and I’m going to
object to this.  

 

The Court:                 That objection is
overruled.  

 

II. Applicable Law and Standard of Review

 “The opening statement in a
criminal case is an outline of facts which the prosecution in good faith
expects to prove.”  Ketchum v. State, 199 S.W.3d 581, 597 (Tex.
App.—Corpus Christi 2006, pet. ref’d).  “The State’s attorney shall state to
the jury the nature of the accusation and the facts which are expected to be
proved by the State in support thereof.”  Tex.
Code Crim. Proc. Ann. art. 36.01(a)(3) (West 2007).  Argument to the
jury should not be made by the State during its opening statement.  See
Hullaby v. State, 911 S.W.2d 921, 927 (Tex. App.—Fort Worth 1995, pet. ref’d). 
An opening statement in which the prosecutor engages in jury argument, rather
than stating to the jury the nature of the accusations and the evidence that
the prosecution expects to produce, is improper.  Id.  

We review the trial court’s
ruling on objections to opening statements for abuse of discretion.  See
Donnell v. State, 191 S.W.3d 864, 867 (Tex. App.—Waco 2006, no pet.).  A
trial court abuses its discretion if its ruling falls outside the “zone of
reasonable disagreement.”  Montgomery v. State, 810 S.W.2d 372, 391
(Tex. Crim. App. 1990).

In reviewing whether
improper comments by the prosecutor during opening statement constitute
reversible error, appellate courts have determined whether, when viewed in
conjunction with the record as a whole, the statement was so prejudicial as to
deny appellant a fair trial.  See Herrera v. State, 915 S.W.2d
94, 97 (Tex. App.—San Antonio 1996, no pet.); Brockway v. State, 853
S.W.2d 174, 176 (Tex. App.—Corpus Christi 1993, pet. ref’d); Sweaney v.
State, 632 S.W.2d 932, 935 (Tex. App.—Fort Worth 1982, no pet.).

III. Discussion

            In one issue, appellant argues
that the trial court erred in overruling his objections to three comments the
prosecutor made during his opening statement, which according to appellant,
improperly shifted the burden of proof and violated appellant’s right to be
presumed innocent until proven guilty.  We address the three comments
separately.

A.   First
Comment

The first comment was one in
which the prosecutor requested the jury to ask themselves, “[W]hat might have
happened had the police not been as diligent as they were that evening” (i.e., the
night appellant was arrested)?  This question was neither a statement about the
nature of the accusation nor a statement about the facts which were expected to
be proved by the State in support thereof.  See Tex. Code Crim. Proc. Ann. art. 36.01(a)(3).  Nevertheless,
appellant’s objection to the comment on the grounds that it was “getting into
limine issues” and was therefore “improper” was not sufficiently specific to
preserve the contention he now makes about the comment improperly shifting the
burden of proof and violating his presumption of innocence.  See Najera v.
State, 955 S.W.2d 698, 702 (Tex. App.—Austin 1997, no pet.) (“Appellant's
objection that the prosecutor’s opening statement was ‘wholly improper’ was not
sufficiently specific to preserve for review the contention he now makes.”); see
also Willis v. State, 785 S.W.2d 378, 382 (Tex. Crim. App. 1989) (“It is
well established that a point of error on appeal must correspond to the precise
objection made in the trial court.”); Urtado v. State, 333 S.W.3d 418,
426 n.3 (Tex. App.—Austin 2011, no pet.) (“While there was a defense objection
to this statement, the objection does not comport with the issue on appeal.”)
(citing Ibarra v. State, 11 S.W.3d 189, 197 (Tex. Crim. App. 1999)
(holding that nothing is preserved for review if objection at trial does not
comport with issue on appeal)); Reyes v. State, No. 13-09-134-CR, 2010
Tex. App. LEXIS 2359 at *6 (Tex. App.—Corpus Christi April 1, 2010, no pet.)
(mem. op.) (“While appellant’s objections at trial were that the prosecutor’s
remarks constituted ‘argument’ and ‘interpretation of evidence,’ the complaint
on appeal focuses on the shifting of the burden of proof in the eyes of the
jury and alleged violation of appellant's right to the presumption of
innocence.”).  We conclude that appellant failed to preserve any issue for
review as to the first comment.  

 

B.   Second
Comment

In the second comment, the
prosecutor told the jury that the gun was “loaded with six of the nastiest
slugs you’ve ever seen.”   Appellant objected to the prosecutor’s
characterization of the ammunition as being “the nastiest slugs you’ve ever
seen,” the trial court sustained the objection, and the jury was instructed to
disregard the characterization.  Appellant did not request a mistrial.  Because
appellant did not pursue the objection to an adverse ruling, the issue was not
preserved for appellate review.  See Mathis v. State, 67 S.W.3d 918, 927
(Tex. Crim. App. 2002) (reaffirming rule that even if argument is such that it
could not be cured by an instruction, defendant is required to object and
request mistrial); Cook v. State, 858 S.W.2d 467, 473 (Tex. Crim. App.
1993) (holding that appellant failed to preserve error as to State’s improper
jury argument because his objection was sustained and he did not move for
mistrial); Brockway v. State, 853 S.W.2d 174, 176 (Tex. App.—Corpus
Christi 1993, pet. ref’d) (“Although the prosecutor’s statement went beyond the
proper scope of the opening statement, we cannot find that the statement was so
improper as to be incurable.”).

Appellant also objected to
the second comment on the basis that “[t]his is a case about . . . possess[ion
of] a firearm and . . . it’s not alleging ammunition or anything else.”  The
trial court overruled this objection and told the prosecutor, “[Y]ou may talk
about ammunition.”  Subsequently, during the guilt-innocence phase of the
trial, the jury heard testimony from several State witnesses concerning the
discovery of a loaded shotgun and loaded handgun in appellant’s vehicle during
a traffic stop.  This included testimony about the nature of the ammunition
found in the weapons.  The shotgun was loaded with six rounds, four of which
had fins and ridges making them more lethal than regular shotgun rounds.  The
handgun was loaded with hollow point bullets, which expand upon impact, causing
a bigger wound than regular bullets.  In this appeal, appellant has not
challenged the admissibility of the testimony about the nature of the
ammunition that was found in the firearms he was charged with possessing. 
Accordingly, we conclude that the second comment by the prosecutor was proper
because it was about facts which were expected to be, and which were, proved by
the State in support of the accusation against appellant.  See Tex. Code Crim. Proc. Ann. art.
36.01(a)(3); Peake v. State, 792 S.W.2d 456, 458 (Tex. Crim. App. 1990)
(“[A] preliminary statement by the State as to what it expects to prove at trial
is proper . . . .”). 

C.   Third
Comment

            The third comment to which
appellant objected was also about the ammunition.  Appellant objected on the basis
that it goes “into something [appellant] is not charged with.”  As noted above,
the State offered testimony at trial consistent with the facts referenced in
the prosecutor’s opening statement and appellant has not challenged the
admissibility of the testimony on appeal.  Accordingly, we conclude that the
third comment by the prosecutor was proper because it was about facts which
were expected to be, and which were, proved by the State in support of the
accusation against appellant.  See Tex.
Code Crim. Proc. Ann. art. 36.01(a)(3); see also Marini v.
State, 593 S.W.2d 709, 715 (Tex. Crim. App. 1980) (“A preliminary statement
of what the State expects to be proved is proper.”).

            Appellant’s one issue on appeal
is overruled.

 

 

IV. Conclusion

            The judgment of the trial court
is affirmed.  

                                                                                                ­__________________

Rogelio Valdez

                                                                                                Chief
Justice

 

Do not publish. 

Tex. R. App.
P.
47.2(b)

Delivered and filed the 

31st day of August, 2011.