Terry Glen BROCKWAY, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–92–327–CR.

Court of Appeals of Texas,
Corpus Christi.

April 22, 1993.

Rehearing Overruled June 3, 1993.

John G. Tatum, Dallas, for appellant.

John C. Vance, Crim. Dist. Atty., Patricia Poppoff Noble, Asst. Dist. Atty., Dallas, for appellee.

Before NYE, C.J., and SEERDEN and GILBERTO HINOJOSA, JJ.

## OPINION

NYE, Chief Judge.

A jury found appellant guilty of aggravated robbery, and the trial court, after finding that appellant had one prior felony conviction, assessed punishment at 48 years in prison. We affirm.

At approximately 1:00 a.m. on August 1, 1991, appellant entered a convenience store, held a knife to the clerk's throat, and threatened to cut it. During the robbery, the clerk, Rayford Fields, actually suffered a tiny skin puncture to his throat. Appellant cut the store's telephone line and took about $40 from the cash register, which was rigged with a silent alarm. As appellant then searched the office area for more money, Fields ran from the store, just as several police cars arrived. Appellant fled

the store, got into a nearby car, and sped away. During the ensuing high-speed chase, one of the pursuing officers saw appellant throw an object from his car in the 2600 block of Walnut. Soon thereafter, appellant crashed his car. A short time later, police searched the 2600 block of Walnut and found a pocket knife along the curbside. No one could positively identify that knife as the knife used to threaten Fields or as the object thrown from appellant's car. Marked dollar bills taken from the convenience store's cash register's "bait trap" were found on the ground where appellant's vehicle crashed.

Appellant's counsel raises seven points of error, and appellant himself raises two additional points. We will address counsel's points first. By counsel's first point of error, appellant contends that the trial court erred in "overruling" his objection that the prosecutor injected his personal opinion in his opening statement. Appellant complained of the comment, "Ladies and gentlemen, not only at the conclusion of this case will you have no reasonable doubt as to the guilt of the defendant, you won't have any doubt at all." Appellant's contention is not supported by the record. Contrary to his allegation that the trial court "overruled" his objection, the record shows that the trial court, in response to his objection, implicitly sustained the objection by instructing the jury to disregard the prosecutor's comment. The trial court then denied appellant's motion for mistrial.

To constitute reversible error, the prosecutor's comment would have to be so egregious that its prejudicial effect could not be cured by instruction to disregard. *See Williams v. State*, 712 S.W.2d 835, 839 (Tex.App.—Corpus Christi 1986, no pet.). The Code of Criminal Procedure provides that, "The State's attorney shall state to the jury the nature of the accusation and the facts which are expected to be proved by the State in support thereof." Tex.Code Crim.Proc.Ann. art. 36.01(a)(3) (Vernon Supp.1993). Although the prosecutor's statement went beyond the proper scope of the opening statement, we cannot find that the statement was so improper as to be incurable. Appellant's first point is overruled.

By counsel's point two, appellant contends that the trial court erred in allowing the admission of evidence concerning other robberies. In this regard, the State introduced evidence that Garland Police Officer Don Knebel was in charge of a covert electronics surveillance unit. Knebel explained that the police department would install an alarm and hidden camera in a business if it experienced certain crimes or a high-degree of criminal activity. As a part of this program, Knebel explained that he places marked dollar bills in "bait traps" in cash registers. When money is pulled from the bait trap, a silent alarm is sounded and a hidden camera takes one photograph a second. He explained that these devices are usually left in a place for four to six weeks. Over objection, Knebel testified that the alarm and hidden camera had been left in Fields' convenience store for years because the store had a high degree of robberies. Appellant complains on appeal that the trial court erred in allowing this evidence. We disagree.

The testimony provided the jury with background information concerning the placement and use of the surveillance system. Specifically, Knebel's testimony explained why the "bait trap" was in the store and illuminated the jury about how the trap worked and signaled police officers of the robbery. Generally, contextual background evidence is admissible. *Mayes v. State*, 816 S.W.2d 79, 85–87 (Tex.Crim. App.1991). While contextual background evidence may be inadmissible if it improperly impugns the defendant's character, *see Id.*, the testimony in this case did not implicate appellant in any of the prior robberies or even insinuate that appellant had any such involvement. The trial court did not err in admitting the evidence. Point two is overruled.

By counsel's point three, appellant contends that the trial court erred in allowing the State to question the convenience store clerk about his children. The clerk testified that he had six children, ranging in ages from thirty-seven to six-

teen. When the prosecutor asked Fields what his children did for a living, appellant objected on relevancy and bolstering grounds. The trial court overruled the objection and instructed the prosecutor to "move on." The witness did not answer the question, and the prosecutor immediately asked a question concerning the robbery. As the question was not answered, no objectionable evidence was admitted. Furthermore, even if the question sought irrelevant or objectionable testimony, no error is shown as the asking of an improper question is generally not error. *See Swallow v. State*, 829 S.W.2d 223, 227 (Tex. Crim.App.1992); *Gonzales v. State*, 685 S.W.2d 47, 49 (Tex.Crim.App.1985). Appellant's third point is overruled.

■ By counsel's point four, appellant complains that the State failed to lay a proper predicate for the admission of twenty-three photographs taken by the hidden camera. We disagree. Officer Knebel testified that after the robbery, an officer took the film from the camera and placed it in a secure area, where he recovered it. Knebel then had the film developed in accordance with standard procedure. Knebel identified the twenty-three photographs as the prints made from the negatives taken from the convenience store's camera. Fields was later shown the twenty-three photographs and testified that they fairly and accurately represented the events which occurred at the convenience store. When the State then offered the photographs into evidence, appellant objected, without elaboration, that, "This is improper predicate." An objection to the admission of evidence on the ground that no proper predicate has been laid is too general to merit consideration, unless apparent from the record. *Bird v. State*, 692 S.W.2d 65, 70 (Tex.Crim.App.1985). The basis for appellant's objection is not apparent from the record, and so he has failed to preserve error. Point four is overruled.

■ By counsel's point five, appellant complains about the admission of hearsay evidence. The prosecutor asked Officer Bell if he was advised to go to a particular location by Officer Lowrey. The trial court sustained appellant's hearsay objection to this question. The prosecutor then asked Bell if, after talking to Lowrey, he went to a particular location. Bell testified that he did and that the location was the 2600 block of Walnut. The record then shows the following exchange:

Q: What did you do when you got there?

A: I walked on the south curb of Walnut looking for a knife.

Q: Okay. Did you—

MR. TATUM: I object. That's nonresponsive to the question—

MR. BURNS: Your Honor, this certainly is—

MR. TATUM: —as to what he was looking for, Judge.

THE COURT: Sustained

MR. TATUM: It is backdoor hearsay.

THE COURT: Sustained.

MR. TATUM: I'd ask that the jury be instructed to disregard it.

THE COURT: Overruled.

Officer Bell then testified that he found a lock-blade knife. Contrary to appellant's argument, the record shows that the trial court sustained appellant's hearsay objections. Although the trial court refused to instruct the jury to disregard, we do not find that Bell's testimony that he walked on the curb looking for a knife constitutes inadmissible hearsay. Point five is overruled.

■ By counsel's point six, appellant contends that the trial court erred by overruling his hearsay objection concerning what the victim told an officer about the incident. Officer Curry testified that he responded to the robbery alarm and talked to the victim, Rayford Fields. During his testimony, Curry was shown some photographs of the convenience store and asked to describe them to the jury. In response, the following occurred:

A: This scene right here represents the flight that Mr. Fields said he took as he was trying to get away from the suspect and as the suspect was chasing him out and around, from the back to the front of the area, as he told me that night.

MR. TATUM: I'll object to what he said, Your Honor.

THE COURT: Sustained.

Q: (By Mr. Burns) So this, basically, shows the scene inside the—

MR. TATUM: I didn't hear.

THE COURT: I said sustained.

MR. TATUM: I'd ask that you instruct the jury to—

THE COURT: The jury will disregard the comment that Mr. Fields allegedly made to the officer on the night in question.

MR. TATUM: Move for mistrial.

THE COURT: Denied.

As can be seen, the trial court sustained appellant's objection and instructed the jury to disregard. The instruction to disregard was sufficient to cure any error. Moreover, Fields had already testified that he ran from the store, so the testimony, even if it had been admitted, would only have duplicated proper evidence already admitted and would not constitute reversible error. *See Brown v. State*, 640 S.W.2d 275, 280 (Tex.Crim.App.1982). Point six is overruled.

By counsel's point seven, appellant contends that the trial court erred in not instructing the jury on the lesser included offense of robbery. Appellant contends that the evidence raised an issue regarding use of a knife in the commission of the offense. We disagree. Rayford Fields' testimony provided the only evidence of the crime, except for the photographs taken by the hidden camera. Fields testified that appellant held a knife to his throat and said, "Don't look around you m___ f___. I'm fixing to cut your m___ f___ing throat." Fields testified that appellant kept the knife to his throat and actually broke the skin on his throat. After appellant made Fields open the register, appellant made Fields lie face down in front of the register. Appellant put the knife to his back and told him not to look up. Fields estimated that appellant said seven or eight times that he was going to cut his throat. Appellant contends an issue was raised because, according to appellant, the evidence

shows that the victim never actually saw a knife but only so assumed.

We find that appellant's point is not supported by the victim's testimony. When asked if he actually saw the knife, Fields testified, "I could see the knife out of the corner of my eye." Later, the victim testified:

Q: Isn't it possible that you saw something and only assumed it was a knife?

A: No. It was a knife.

Q: Is it possible that it was just a piece of metal or a metal like object?

A: I don't know.

Q: Okay. Don't know.

A: No.

Through the remainder of the victim's testimony, he referred to the object as a knife.

A two-pronged test is used to determine whether a charge on a lesser included offense is required. *Dowden v. State*, 758 S.W.2d 264, 268 (Tex.Crim.App. 1988). First, the lesser included offense must be included within the proof necessary to establish the offense charged. *Id.* Second, there must be some evidence in the record that if the defendant is guilty, he is guilty only of the lesser offense. *Id.; Royster v. State*, 622 S.W.2d 442, 446 (Tex. Crim.App.1981). If the evidence admitted at trial could be interpreted to show that appellant committed robbery but did not use a knife, then appellant would have been entitled to a charge on the lesser offense of robbery. We, however, do not read the victim's testimony as evidence that appellant, if guilty, is guilty only of the lesser offense. While the victim's answer, "I don't know," is somewhat vague, he appears to state that *he did not know that it was possible* that the object was just a piece of metal. That testimony does not indicate that a knife was not used or that the victim did not know what the object was. Appellant's seventh point is overruled.

By pro se point one, appellant contends that the evidence is insufficient to show that he used a knife, as a deadly weapon, to commit the offense. We dis-

agree. The testimony of the victim shows that a knife was used. A knife was recovered from the 2600 block of Walnut where a pursuing police officer saw appellant throw an object from the car. Although the victim could not absolutely identify the recovered knife as the robber's weapon, the circumstances are sufficient to prove that this was the weapon. Furthermore, the State's inability to recover a weapon does not prevent proof that the defendant used a particular weapon. *See Villarreal v. State,* 752 S.W.2d 704, 705 (Tex.App.—Corpus Christi 1988, no pet.). We find the evidence sufficient to show that appellant used a knife during the commission of the robbery. Appellant used this knife by holding it to the victim's throat and threatening to cut his throat. This evidence is sufficient to show that the knife was used as a deadly weapon. *See Garza v. State,* 794 S.W.2d 497, 499 (Tex.App.—Corpus Christi 1990, pet. ref'd). Appellant's first pro se point is overruled.

In his second pro se point, appellant contends that appellate counsel failed to provide effective assistance of counsel by failing to challenge the sufficiency of the evidence, as appellant has pro se. As we have reviewed appellant's point pro se, and as we have found it to be without merit, we find this point without merit. Appellant's second pro se point is overruled.

The judgment of the trial court is affirmed.