TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-98-00285-CR







Robert Daniel Saling, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT


NO. 46,772, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING








 A jury found Robert Daniel Saling guilty of retaliation, found he previously had
been convicted of seven felonies, and imposed punishment of seventy years in prison. He appeals
his conviction by two points of error. We will affirm.

 Killeen police officers responded to a call regarding a fight involving several
people, including Saling and his alleged victim. The alleged victim declined to file a complaint
against Saling, but the police continued to question persons regarding the incident. The officers
later observed Saling attempting to leave the area. They chased him on foot, and Saling stopped
running when one officer illuminated him with a flashlight beam. Saling dropped to his knees,
but refused to drop to his stomach when ordered. An officer noted a very strong odor of alcohol
coming from him. They arrested Saling for public intoxication. Saling was belligerent, but went
cooperatively and got into their patrol car. 

 As the officers continued to question bystanders, Saling began screaming and
kicking the inside of the patrol car. When he began hitting his head on the plexiglass separating
the rear seat from the front seat, the officers attempted to restrain him from hurting himself
further. 

 Saling did not cooperate with these attempts. Officer David Williams testified that
Saling said, "'I will get you and stick a shank in you.'" The officer said Saling made threats at
the scene ("'I'm going to get you.'") and while in jail ("'When I get out of here, I'll get you,' and
again said he's going to shank us."). Officer William Smith testified that, while he drove Saling
to jail, Saling said "he was going to get a piece of ass one way or the other. He didn't care
whether it was blue or white. Blue indicated as the officers, white as the gentleman who was the
initial complainant that was wearing a white T-shirt." Williams testified that he had received
many threats from arrestees during his three years as a police officer, but that Saling's demeanor
and appearance made him fear, for the first time, that the arrestee's threats were real. Officer
Williams also testified that Saling's threats were scarier because they were geared toward when
he got out of jail; Williams said he believed Saling would have the means and capability to carry
out his threats.

 The grand jury charged Saling with retaliation against Williams for and on account
of Williams's service as a public servant. The statute criminalizing retaliation states that 


A person commits an offense if he intentionally or knowingly harms or threatens
to harm another by an unlawful act:


 (1) in retaliation for or on account of the service of another as a public
servant . . . .



Tex. Penal Code Ann. § 36.06 (West 1994). (1) 

 Saling first contends that the trial court erred by sustaining the State's objection to
a question asked by the defense attorney while cross-examining Williams. On appeal, the trial
court's rulings admitting or excluding evidence are subject to review for an abuse of discretion. 
Matson v. State, 819 S.W.2d 839, 850 (Tex. Crim. App. 1991). If the trial court's decision was
within the bounds of reasonable disagreement we will not disturb its ruling. Montgomery v. State,
810 S.W.2d 372, 391 (Tex. Crim. App. 1990). The defense attorney asked Williams whether the
alleged assault victim possessed a weapon at the time of the assault. The court sustained the
State's objection that the answer would be irrelevant. Saling asserts that the excluded evidence
would have shown that the victim had a weapon and would have provided background for the
jurors. He also argues that the excluded evidence would have shown whether Saling had a weapon
with which he could harm Williams.

 We find no reversible error in the sustaining of the objection. First, we note that
Saling did not preserve his right to complain of the exclusion of this evidence. Under Texas Rule
of Evidence 103, (2) a party complaining of the exclusion of evidence must make an offer of proof
outside the presence of the jury. We find no such offer of proof in the record. Saling similarly
failed to preserve his appellate argument that this evidence is admissible as background evidence,
citing Brockway v. State, 853 S.W.2d 174, 176 (Tex. App.--Corpus Christi 1993, pet. ref'd) (trial
court did not err by admitting evidence regarding nature and need for anti-crime equipment at
often-robbed convenience store so long as evidence did not impugn defendant). Saling did not
make this argument to the trial court and obtain an adverse ruling as required by Texas Rule of
Appellate Procedure 33.1. (3) Nor does Brockway require a ruling favoring Saling; the broad
discretion to the trial courts could allow an appellate court to find no abuse of discretion in either
allowing or excluding the same evidence. Finally, we find no abuse of discretion in the court's
ruling. Even if the excluded response would have shown that Saling's alleged victim was armed,
thus possibly undermining the justification for arresting Saling, such evidence in no way bears on
whether Saling thereafter threatened to illegally harm a police officer.

 Nor do we find grounds for reversing based on the argument that the disallowed
question would have shown whether Saling had a weapon with which he could carry out his threats
against the officers. We do not find this argument in the trial record, nor do we find an offer of
proof substantiating this argument. Even if the excluded testimony would have shown Saling had
no weapon, the issue before the jury was not whether Saling could contemporaneously carry out
the threats, but whether Saling made the threats. Williams testified that the threat was not for
immediate violence, but for violence following Saling's release from jail. We overrule point of
error one.

 By point of error two, Saling contends insufficient evidence supported the finding
regarding the nature of the individual against whom the threat was directed. Saling complains that
the State did not establish that the threats were specifically directed at the officer, that Saling
understood the nature and result of his conduct, or that Saling intended to cause fear and
apprehension in the officer. When reviewing the legal sufficiency of the evidence, we view the
evidence in the light most favorable to the prosecution to determine whether any rational trier of
fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 318-19 (1979). When reviewing the factual sufficiency of the evidence,
we view the evidence in a balanced fashion and can set aside the verdict only if it is so contrary
to the overwhelming weight of the evidence as to be clearly wrong and unjust. Clewis v. State,
922 S.W.2d 126, 135 (Tex. Crim. App. 1996). The jury is the exclusive judge of the credibility
of the witnesses and the weight to be given their testimony. Miller v. State, 909 S.W.2d 568, 593
(Tex. App.--Austin 1995, no pet.).

 We conclude that both legally and factually sufficient evidence supported the jury's
conclusion. As Saling concedes, voluntary intoxication is not a defense to this crime. Tex. Penal
Code Ann. § 8.04 (West 1994). He offers no evidence of any other condition that would impair
his ability to understand the nature of his threats or of the persons whom he was threatening. 
Saling argues that his threats were general or intended for bystanders rather than the police
officers. The jury was entitled to conclude that at least some of the threats, particularly those
made at the city jail, were directed toward Williams, a police officer. The threats made during
the drive to the jail support the conclusion that his threats extended beyond the bystanders and
included police. Williams was undisputedly a police officer and was acting as a police officer
while arresting Saling and interacting with him at the jail. The jury was entitled to infer that
Saling knew he was being arrested, having been handcuffed and placed in a patrol car, and was
unhappy about that. The jury was also entitled to infer that Saling knew that the persons arresting
him, driving him to the jail in a patrol car, and placing him behind bars were police officers. The
jury could reasonably infer that Salings's threats to harm the officers were made in retaliation for
the arrest. We overrule point of error two.

 We affirm the judgment of conviction.



 

 Mack Kidd, Justice

Before Chief Justice Aboussie, Justices Kidd and Powers*

Affirmed

Filed: April 1, 1999

Do Not Publish




* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. The applicable statute appears in the main volume of the text. The pocket part reveals that
this statute has been amended since the July 6, 1996 commission of this offense. Act of May 12,
1997, 75th Leg., R.S., ch. 239, 1997 Tex. Gen. Laws 1161, 1161. The amendments did not
materially change the portion of the statute applicable to this section.
2. Rule of Criminal Evidence 103(a)(2) has since been recodified as Rule of Evidence 103(a)(2)
with no substantive change.
3. In this respect, Texas Rule of Appellate Procedure 33.1(a) is substantively the same as
former Texas Rule of Appellate Procedure 52(a).



r Saling made the threats. Williams testified that the threat was not for
immediate violence, but for violence following Saling's release from jail. We overrule point of
error one.

 By point of error two, Saling contends insufficient evidence supported the finding
regarding the nature of the individual against whom the threat was directed. Saling complains that
the State did not establish that the threats were specifically directed at the officer, that Saling
understood the nature and result of his conduct, or that Saling intended to cause fear and
apprehension in the officer. When reviewing the legal sufficiency of the evidence, we view the
evidence in the light most favorable to the prosecution to determine whether any rational trier of
fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 318-19 (1979). When reviewing the factual sufficiency of the evidence,
we view the evidence in a balanced fashion and can set aside the verdict only if it is so contrary
to the overwhelming weight of the evidence as to be clearly wrong and unjust. Clewis v. State,
922 S.W.2d 126, 135 (Tex. Crim. App. 1996). The jury is the exclusive judge of the credibility
of the witnesses and the weight to be given their testimony. Miller v. State, 909 S.W.2d 568, 593
(Tex. App.--Austin 1995, no pet.).