Opinion issued October 29, 2009







                    










     


In The
Court of Appeals
For The
First District of Texas




NO. 01-08-00872-CR




TERRANCE WILLIAMS, Appellant

v.

THE STATE OF TEXAS, Appellee




On Appeal from the 230th District Court
Harris County, Texas
Trial Court Cause No. 1183553




MEMORANDUM OPINION

          Appellant, Terrance Williams, was charged by indictment with the offense of
aggravated assault on a “person with whom [he] had a dating relationship,” enhanced
by a prior felony conviction.


 Appellant pleaded not guilty to the offense and pleaded
“not true” to the enhancement. A jury found appellant guilty as charged, found the
enhancement true, and assessed punishment at 5 years’ confinement and a $3,000
fine. The trial court entered an affirmative finding on the use of a deadly weapon.
          In one issue, appellant challenges the legal and factual sufficiency of the
evidence to support his conviction.
          We affirm. 
Background
          Appellant and the complainant, Nichole Johnson, dated, lived together, and had
a daughter together. Their relationship ended in early 2007, and appellant moved out
of Johnson’s apartment. Johnson and appellant remained in contact so that appellant
could visit their daughter. Appellant made numerous unsuccessful attempts to
rekindle his relationship with Johnson.                    
          On January 5, 2008, appellant called Johnson several times about going with
her to buy shoes for their daughter. That evening, Johnson picked up appellant from
his apartment, shopped with him for shoes, and then returned to appellant’s apartment
to drop him off. There, appellant asked Johnson to stay and talk about their
relationship. Johnson refused, stating that she had to be somewhere else. Appellant
got out of Johnson’s car, and Johnson drove away.
          Minutes later, Johnson noticed that her cellular telephone was not in its usual
place—in the cup holder in her car. After a search of the car proved fruitless, she
concluded that appellant must have taken it, and she returned to his apartment.
          Johnson saw appellant outside of his apartment, approached him with her
daughter in tow, and asked about her telephone. Appellant replied, “Don’t worry
about the phone, that b---- is historic.” Johnson asked why he had taken her
telephone. Appellant replied, “I told you if I caught you f------ with someone else I
will f--- you up.” Johnson told appellant that she could just get another telephone,
and she turned to leave, taking her daughter’s hand.
          According to Johnson’s testimony, appellant grabbed the little girl’s other hand
and pulled her away from Johnson. Johnson stumbled forward and felt a blow on the
back of her head. Johnson fell to the ground, and appellant hit her with his fist. 
Johnson began screaming, and appellant grabbed her by her ponytail and began to
drag her down the sidewalk in front of his apartment. Johnson screamed at him to
stop, and appellant hit her again, then started kicking her. Appellant told Johnson
that he would stop if she would agree to come inside the apartment. Johnson testified
that she refused because she was “[a]fraid for [her] life.” Johnson tried to crawl away
from appellant, and appellant began to “knock” Johnson’s head against the sidewalk. 
As Johnson sat dazed, appellant stepped away. Appellant returned a few seconds
later with a stick. Johnson tried to kick him away from her and he lunged at her and
hit her in the face with the stick “two to three times.” Appellant tried to pick up
Johnson and move her toward his front door. Johnson fought back. Appellant again
told Johnson that he would stop beating her if she would go inside his apartment. 
Johnson tried to crawl away again, and appellant began choking her. Johnson kicked
appellant, and appellant released her and stepped away from her for a few seconds. 
He returned seconds later, however, and Johnson felt “a blow across the back of [her]
legs and [her] buttocks.” Johnson testified that she felt at least two such blows and
that, when she turned around, she saw that appellant had hit her with a gun. Johnson
testified again that she feared for her life. 
          During the fray, Johnson saw a woman coming through a nearby gate and
Johnson called out to her for help, asking her to call 911. Appellant called the woman
by name, told her it was none of her business, and told her to go home. The woman
left. As appellant continued to beat Johnson, another woman came through the gate. 
Johnson called to her for help. Johnson testified that appellant said to the woman, “If
you attempt to help, I will f--- you up.” The woman began talking to appellant,
distracting him, and Johnson was able to run away. Johnson ran to a nearby Valero
convenience store, where she called the police. 
          Officer M. Roberts of the Houston Police Department (“HPD”) was dispatched
to the Valero station. He testified that he found Johnson “[v]ery scared, very
nervous.” Johnson told Officer Roberts that she had been assaulted by appellant at
the adjacent apartment complex. Officer Roberts testified that Johnson told him that
appellant had hit her with a stick and a gun, and that she had seen other people at the
complex, but that nobody would help her. Officer Roberts testified that Johnson’s
face and left eye were swollen, that her lip was “busted,” that she had a cut on her
face that was consistent with having been hit with a stick, and that he saw two welts
on her “rear end” that were consistent with having been struck. He did not look for
the stick or the gun. Officer Roberts went to appellant’s apartment, but was unable
to locate appellant. Officer Roberts found an earring in the dirt near appellant’s
apartment that matched the one earring that Johnson was still wearing. Officer
Roberts called an ambulance and took pictures of Johnson’s injuries. The
photographs were admitted at trial.
          Johnson was transported by ambulance to the hospital. According to her 
medical report, which was admitted into evidence, Johnson suffered contusions and
abrasions to her head, face, forearm, and hip. 
          Sophi Hoggatt, appellant’s girlfriend at the time of the incident, testified that
she lived at appellant’s complex on the side on which the Valero is located, and that
she would have been able to hear a struggle going on at appellant’s apartment. 
Hoggatt testified that, on the day of the incident, she did not hear anything and never
saw any police cars or an ambulance in the vicinity. Cedric Hardin, another neighbor
of appellant at the complex and former co-worker of appellant, testified that he did
not hear anything on the night of the event. 
Sufficiency of the Evidence
          In his first issue, appellant contends that the evidence is legally and factually
insufficient to support his conviction. Specifically, appellant contends that Johnson’s
testimony is insufficient on its own to support his conviction and that neither the
firearm nor the stick were located.
A.      Standards of Review
          We review the legal sufficiency of the evidence by considering all of the
evidence in the light most favorable to the verdict to determine whether any rational
trier of fact could have found the essential elements of the offense beyond a
reasonable doubt. Williams v. State, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007)
(citing Jackson v. Virginia, 443 U.S. 307, 318–19, 99 S. Ct. 2781, 2788–89 (1979)).
“We may not re-evaluate the weight and credibility of the record evidence and
thereby substitute our judgment for that of the fact-finder.” Id. We give deference to
“‘the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh
the evidence, and to draw reasonable inferences from basic facts to ultimate facts.’”
Id. In doing so, we give deference to the responsibility of the factfinder to fairly
resolve conflicts in testimony, to weigh evidence, and to draw reasonable inferences
from the facts. Id. Our duty is to ensure that the evidence presented actually supports
a conclusion that the defendant committed the crime that was charged. Id.
          We begin our factual sufficiency review with the assumption that the evidence
is legally sufficient under Jackson v. Laster v. State, 275 S.W.3d 512, 518 (Tex. Crim.
App. 2009). Evidence that is legally sufficient, however, can be deemed factually
insufficient if (1) the evidence supporting the conviction is “too weak” to support the
factfinder’s verdict, or (2) considering conflicting evidence, the factfinder’s verdict
is “against the great weight and preponderance of the evidence.” Id. We consider all
of the evidence in a neutral light, as opposed to in a light most favorable to the
verdict. Id. We recognize that the factfinder is in the best position to evaluate the
credibility of witnesses, and we afford due deference to the factfinder’s
determinations. Marshall v. State, 210 S.W.3d 618, 625 (Tex. Crim. App. 2006). We
may only find the evidence factually insufficient when necessary to “prevent manifest
injustice.” Laster, 275 S.W.3d at 518. In such case, we must explain why the
evidence is too weak to support the verdict or why the conflicting evidence greatly
weighs against the verdict. Id.
B.      The Law
          Texas Penal Code section 22.01 provides, in pertinent part, that a person
commits the offense of assault if he intentionally, knowingly, or recklessly causes
bodily injury to another, or he intentionally or knowingly threatens another with
imminent bodily injury. Tex. Penal Code Ann. § 22.01(a) (Vernon Supp. 2008). An
assault under section 22.01 is aggravated if, inter alia, the actor uses or exhibits a
deadly weapon during the commission of the offense. Id. § 22.02(a)(2). An
aggravated assault is a second-degree felony. See id. § 22.02(b). If it is shown on
the trial of a second-degree felony that the defendant has been once before convicted
of a felony, as here, the defendant shall be punished for a first-degree felony. Tex.
Penal Code Ann. § 12.42(b). In addition, the degree of certain assaultive offenses
will be elevated when committed against members of certain domestic classes. 
See Tex. Penal Code Ann. § 22.02(b)(1); Tex. Fam. Code Ann. § 71.0021(b)
(Vernon 2008) (discussing offenses committed in context of “dating relationship”).
 
 
 
C.      Analysis
          1.       Legal sufficiency


 
          The State presented evidence that appellant committed an aggravated assault. 
Johnson testified that she and appellant had dated, had lived together, and had a
daughter together. After Johnson ended her relationship with appellant, appellant
continued to pursue her. Johnson testified that, on the evening of the incident at
issue, when she returned to appellant’s apartment and asked him to return her cellular
telephone, appellant said to her, “I told you if I caught you f------ with someone else
I will f--- you up.” Johnson testified that she perceived appellant’s statement as a
threat to cause her physical injury. Johnson testified that, moments later, appellant
began striking her with his fist, that he hit her in the face with a stick, and that he hit
her “two or three times” in the legs and buttocks with a firearm. Johnson testified that
she feared for her life.
          Officer Roberts testified that he found Johnson at the Valero station and that
she was “[v]ery scared, very nervous”; that Johnson told him that she had been
assaulted by appellant at the adjacent apartment complex; and that appellant had hit
her with a stick and a gun. Officer Roberts testified that Johnson’s face and left eye
were swollen, that her lip was “busted,” that she had a cut on her face that was
consistent with having been hit with a stick, and that he saw two welts on her “rear
end” that were consistent with having been struck. Officer Roberts found an earring
in the dirt near appellant’s apartment that matched the one earring that Johnson was
still wearing.
          Johnson’s medical report reflects that Johnson had contusions and abrasions
on her head, face, arm, and hip. Pictures of her injuries were admitted into evidence.
          Appellant contends that Johnson’s testimony, alone, was not sufficient to
support his conviction and that the State failed to present any other witnesses, such
as the two women Johnson saw coming through the gate on the night of the incident. 
It is well established, however, that a conviction may be based on the testimony of a
single eyewitness. Davis v. State, 177 S.W.3d 355, 359 (Tex. App.—Houston [1st
Dist.] 2005, no pet.) (citing Aguilar v. State, 468 S.W.2d 75, 77 (Tex. Crim. App.
1971)). 
          Appellant also complains that the State failed to produce either the firearm or
the stick that Johnson alleged he had used. As the State contends, the inability to
recover a weapon does not prevent proof that appellant used the weapon. See
Brockway v. State, 853 S.W.2d 174, 179 (Tex. App.—Corpus Christi 1993, pet.
ref’d). The jury was free to accept or reject Johnson’s testimony that such weapon
was used. See Davis, 177 S.W.3d at 358–59. 
           From the evidence, the jury could have rationally concluded that appellant
threatened Johnson with imminent bodily injury and that, moments later, he
intentionally caused her bodily injury by striking her with his fists, a stick, and a
firearm. See Tex. Penal Code Ann. § 22.01(a). In addition, the jury could have
rationally concluded that appellant used a deadly weapon during the commission of
the assault. See Tex. Penal Code Ann. §§ 1.07(17) (Vernon Supp. 2008) (indicating
that a firearm is, per se, a deadly weapon); 22.02(a)(2).
          After considering all of the evidence in the light most favorable to the verdict,
we conclude that a rational trier of fact could have found the essential elements of the
offense beyond a reasonable doubt. See Williams, 235 S.W.3d at 750. We hold that
the evidence is legally sufficient to support appellant’s conviction for aggravated
assault as charged in the indictment. 
          2.       Factual sufficiency
          As discussed above, the State presented evidence that appellant committed an
aggravated assault. The record shows that appellant said to Johnson, “I told you if
I caught you f------ with someone else I will f--- you up,” and that Johnson testified
that she perceived appellant’s statement as a threat to cause her physical injury. 
Johnson testified that appellant struck her in the head with his fist, that he hit her in
the face with a stick, and that he hit her “two or three times” in the legs and buttocks
with a firearm. Johnson testified that, during the attack, she feared for her life.
          In addition, Officer Roberts testified that, when he found Johnson at the Valero
station, she was “[v]ery scared, very nervous”; that Johnson said that appellant had
hit her with a stick and a gun; that Johnson had a cut on her face that was consistent
with having been hit with a stick; and that he saw two welts on her “rear end” that
were consistent with having been struck. Officer Roberts also found Johnson’s
missing earring in the dirt outside appellant’s apartment on the night of the incident.
Johnson’s medical report reflects that Johnson had contusions and abrasions on her
head, face, arm, and hip. Further, pictures of injuries were admitted into evidence.
          In conducting a factual sufficiency review, we must consider the most
important evidence that the appellant claims undermines the jury’s verdict. See Sims
v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003). Here, appellant contends that
he put on two witnesses, Hoggatt and Hardin, who testified that they would have been
able to hear the attack if it had occurred at appellant’s apartment, as alleged. We
afford almost complete deference to a jury’s determination based on an evaluation of
credibility. Lancon v. State, 253 S.W.3d 699, 705 (Tex. Crim. App. 2008). The jury
is the sole judge of what weight to give contradictory witness testimony. Id. Here,
the jury resolved the issues of weight and credibility in favor of the testimony of
Johnson and Officer Roberts. We defer to that determination. See id. 
          After reviewing the evidence in a neutral light, we conclude that the evidence
supporting the conviction is not too weak to support the jury’s verdict, nor is the
jury’s verdict against the great weight and preponderance of the evidence. We hold
that the evidence is factually sufficient to support appellant’s conviction for
aggravated assault as charged.
          We overrule appellant’s sole issue. 
Conclusion
          We affirm the judgment of the trial court.





                                                             Laura Carter Higley
                                                             Justice

Panel consists of Justices Higley, Sharp, and Mirabal.




Do not publish. See Tex. R. App. P. 47.2(b).