

**NUMBER 13-10-00570-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**MALVIN SADLER,** Appellant,

**v.**

**THE STATE OF TEXAS,** Appellee.

---

**On appeal from the 24th District Court
of De Witt County, Texas.**

---

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Garza
Memorandum Opinion by Chief Justice Valdez**

A jury found appellant guilty of unlawful possession of a firearm by a felon, and the trial court, after finding two enhancement paragraphs to be true, imposed a prison sentence of 60 years. *See* TEX. PENAL CODE ANN. § 46.04 (West Supp. 2010). By one issue, appellant challenges his conviction based on allegedly improper remarks made

by the prosecutor during his opening statement. For the reasons set forth below, we affirm.

## I. BACKGROUND

At trial, appellant objected to three comments by the prosecutor that are now the subject of his appeal. The specific comments, objections, and rulings by the trial court are as follows.

### A. Comments Involving Limine Issues

| | |
|---|---|
| [Prosecutor:] | And I want you to ask yourselves this as you're listening to that evidence. Ask yourselves, you know, what you think about that police work, what you think about what might have happened had the police not been as diligent as they were that evening. |
| [Defense Counsel]: | Your Honor, I'm going to object to the comments. We're getting into limine issues, I believe it's improper, and I'm going to ask the Court to instruct the jury to disregard that last comment. |
| The Court: | Okay. Well, I think I'm going to overrule that objection, but I am listening. |

### B. Comments About Ammunition

| | |
|---|---|
| [Prosecutor:] | And then I want you to ask yourself, and I think you will hear evidence as to how was that gun loaded. Was it loaded with, you know, seven-and-a-half bird shot, was he going to go quail hunting or dove hunting. I think the answer to that question will be no, it wasn't loaded with seven-and-a-half bird shot. What it was loaded with was six of the nastiest slugs you've ever seen. |
| [Defense Counsel:] | Your Honor, objection to the characterization of "the nastiest slugs you've ever seen." This is a case about whether my client possessed a firearm and that's it, it's not alleging ammunition or anything else. And I believe this is improper and I would ask for a ruling . . . . |

| The Court: | Okay. I'll sustain the objection as to the term 'nasty,' but you may talk about ammunition. |
|---|---|

### C. Additional Comments About Ammunition

| [Prosecutor:] | What it was loaded with were slugs that are used for big game, heavy animals particularly, and it had different slugs. It was six rounds of ammunition in that shotgun. I can't remember, I think four slugs, two buckshot. The slugs are designed for big game, big animals, and these slugs were particularly lethal because of the ridging that they had around them. And we'll show that to you. They had fins around them, basically, that would cause the slug to spin and to cut. They were also particularly large slugs, larger even than the slugs the police issue in the guns that they use. |
|---|---|
| [Defense Counsel:] | Your Honor, I'm going to object to this description. This may not even be entered into evidence over objection and this has gone way too far into something my client's not charged with. This is argument and I'm going to object to this. |
| The Court: | That objection is overruled. |

### II. APPLICABLE LAW AND STANDARD OF REVIEW

"The opening statement in a criminal case is an outline of facts which the prosecution in good faith expects to prove." *Ketchum v. State*, 199 S.W.3d 581, 597 (Tex. App.—Corpus Christi 2006, pet. ref'd). "The State's attorney shall state to the jury the nature of the accusation and the facts which are expected to be proved by the State in support thereof." TEX. CODE CRIM. PROC. ANN. art. 36.01(a)(3) (West 2007). Argument to the jury should not be made by the State during its opening statement. *See Hullaby v. State*, 911 S.W.2d 921, 927 (Tex. App.—Fort Worth 1995, pet. ref'd). An opening statement in which the prosecutor engages in jury argument, rather than stating

3

to the jury the nature of the accusations and the evidence that the prosecution expects to produce, is improper. *Id.*

We review the trial court's ruling on objections to opening statements for abuse of discretion. *See Donnell v. State*, 191 S.W.3d 864, 867 (Tex. App.—Waco 2006, no pet.). A trial court abuses its discretion if its ruling falls outside the "zone of reasonable disagreement." *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990).

In reviewing whether improper comments by the prosecutor during opening statement constitute reversible error, appellate courts have determined whether, when viewed in conjunction with the record as a whole, the statement was so prejudicial as to deny appellant a fair trial. *See Herrera v. State*, 915 S.W.2d 94, 97 (Tex. App.—San Antonio 1996, no pet.); *Brockway v. State*, 853 S.W.2d 174, 176 (Tex. App.—Corpus Christi 1993, pet. ref'd); *Sweaney v. State*, 632 S.W.2d 932, 935 (Tex. App.—Fort Worth 1982, no pet.).

### III. DISCUSSION

In one issue, appellant argues that the trial court erred in overruling his objections to three comments the prosecutor made during his opening statement, which according to appellant, improperly shifted the burden of proof and violated appellant's right to be presumed innocent until proven guilty. We address the three comments separately.

### A. First Comment

The first comment was one in which the prosecutor requested the jury to ask themselves, "[W]hat might have happened had the police not been as diligent as they were that evening" (i.e., the night appellant was arrested)? This question was neither a

4

statement about the nature of the accusation nor a statement about the facts which were expected to be proved by the State in support thereof. *See* TEX. CODE CRIM. PROC. ANN. art. 36.01(a)(3). Nevertheless, appellant's objection to the comment on the grounds that it was "getting into limine issues" and was therefore "improper" was not sufficiently specific to preserve the contention he now makes about the comment improperly shifting the burden of proof and violating his presumption of innocence. *See Najera v. State*, 955 S.W.2d 698, 702 (Tex. App.—Austin 1997, no pet.) ("Appellant's objection that the prosecutor's opening statement was 'wholly improper' was not sufficiently specific to preserve for review the contention he now makes."); *see also Willis v. State*, 785 S.W.2d 378, 382 (Tex. Crim. App. 1989) ("It is well established that a point of error on appeal must correspond to the precise objection made in the trial court."); *Urtado v. State*, 333 S.W.3d 418, 426 n.3 (Tex. App.—Austin 2011, no pet.) ("While there was a defense objection to this statement, the objection does not comport with the issue on appeal.") (citing *Ibarra v. State*, 11 S.W.3d 189, 197 (Tex. Crim. App. 1999) (holding that nothing is preserved for review if objection at trial does not comport with issue on appeal)); *Reyes v. State*, No. 13-09-134-CR, 2010 Tex. App. LEXIS 2359 at *6 (Tex. App.—Corpus Christi April 1, 2010, no pet.) (mem. op.) ("While appellant's objections at trial were that the prosecutor's remarks constituted 'argument' and 'interpretation of evidence,' the complaint on appeal focuses on the shifting of the burden of proof in the eyes of the jury and alleged violation of appellant's right to the presumption of innocence."). We conclude that appellant failed to preserve any issue for review as to the first comment.

## B. Second Comment

In the second comment, the prosecutor told the jury that the gun was "loaded with six of the nastiest slugs you've ever seen." Appellant objected to the prosecutor's characterization of the ammunition as being "the nastiest slugs you've ever seen," the trial court sustained the objection, and the jury was instructed to disregard the characterization. Appellant did not request a mistrial. Because appellant did not pursue the objection to an adverse ruling, the issue was not preserved for appellate review. *See Mathis v. State*, 67 S.W.3d 918, 927 (Tex. Crim. App. 2002) (reaffirming rule that even if argument is such that it could not be cured by an instruction, defendant is required to object and request mistrial); *Cook v. State*, 858 S.W.2d 467, 473 (Tex. Crim. App. 1993) (holding that appellant failed to preserve error as to State's improper jury argument because his objection was sustained and he did not move for mistrial); *Brockway v. State*, 853 S.W.2d 174, 176 (Tex. App.—Corpus Christi 1993, pet. ref'd) ("Although the prosecutor's statement went beyond the proper scope of the opening statement, we cannot find that the statement was so improper as to be incurable.").

Appellant also objected to the second comment on the basis that "[t]his is a case about . . . possess[ion of] a firearm and . . . it's not alleging ammunition or anything else." The trial court overruled this objection and told the prosecutor, "[Y]ou may talk about ammunition." Subsequently, during the guilt-innocence phase of the trial, the jury heard testimony from several State witnesses concerning the discovery of a loaded shotgun and loaded handgun in appellant's vehicle during a traffic stop. This included testimony about the nature of the ammunition found in the weapons. The shotgun was loaded with six rounds, four of which had fins and ridges making them more lethal than

6

regular shotgun rounds. The handgun was loaded with hollow point bullets, which expand upon impact, causing a bigger wound than regular bullets. In this appeal, appellant has not challenged the admissibility of the testimony about the nature of the ammunition that was found in the firearms he was charged with possessing. Accordingly, we conclude that the second comment by the prosecutor was proper because it was about facts which were expected to be, and which were, proved by the State in support of the accusation against appellant. *See* TEX. CODE CRIM. PROC. ANN. art. 36.01(a)(3); *Peake v. State*, 792 S.W.2d 456, 458 (Tex. Crim. App. 1990) ("[A] preliminary statement by the State as to what it expects to prove at trial is proper . . . .").

### C. Third Comment

The third comment to which appellant objected was also about the ammunition. Appellant objected on the basis that it goes "into something [appellant] is not charged with." As noted above, the State offered testimony at trial consistent with the facts referenced in the prosecutor's opening statement and appellant has not challenged the admissibility of the testimony on appeal. Accordingly, we conclude that the third comment by the prosecutor was proper because it was about facts which were expected to be, and which were, proved by the State in support of the accusation against appellant. *See* TEX. CODE CRIM. PROC. ANN. art. 36.01(a)(3); *see also Marini v. State*, 593 S.W.2d 709, 715 (Tex. Crim. App. 1980) ("A preliminary statement of what the State expects to be proved is proper.").

Appellant's one issue on appeal is overruled.

## IV. CONCLUSION

The judgment of the trial court is affirmed.

_____
ROGELIO VALDEZ
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
31st day of August, 2011.