

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| JUAN MARTINEZ, | § | No. 08-23-00070-CR |
| Appellant, | § | Appeal from the |
| v. | § | 34th Judicial District Court |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 20230D00029) |

## MEMORANDUM OPINION

A jury convicted Appellant Juan Martinez of two counts of intoxication manslaughter with a vehicle, *see* TEX. PENAL CODE ANN. § 49.08(b), and one count of intoxication assault with a vehicle. *See* TEX. PENAL CODE ANN. § 49.07(c). On appeal, Martinez brings a challenge solely against the sentence imposed on the assault conviction, while also challenging the trial court's ruling on his objection to the State's opening statement. We modify the trial court's judgment to reflect a sentence of ten years' confinement as to the intoxication assault conviction only, and affirm the judgment as modified.

## BACKGROUND

Martinez neither challenges the sufficiency of the evidence supporting his convictions nor disputes the underlying facts of the case. Accordingly, only to provide a useful context for the

appeal, we recite the factual record briefly and in the light most favorable to the verdict. *See Banda v. State*, 768 S.W.2d 294 (Tex. Crim. App. 1989) (en banc) (stating "a brief recitation of the facts in the light most favorable to the verdict is useful" even where the appellant does not bring a sufficiency challenge).

Martinez was indicted on two counts of intoxication manslaughter with a vehicle (Counts I and II), one count of intoxication assault with a vehicle (Count III), and two counts of manslaughter (Counts IV and V). Each count alleged that, on December 7, 2019, Martinez operated a motor vehicle while intoxicated, causing the death of two individuals, and further causing serious bodily injury to a third individual.

The evidence at trial established a two-vehicle collision on Highway Loop 375 in El Paso. On the occasion, Martinez drove his vehicle, a Toyota 4Runner, eastbound in a westbound lane of Loop 375 West. As a result, he crashed, head-on, into another vehicle, a Toyota Corolla, traveling westbound in the same lane. A driver and two passengers rode in the Corolla—a woman, a man, and a 6-year-old child.

Matthew Dover, a United States Border Patrol agent with emergency medicine training, testified at trial he was dispatched to the scene to render aid and generally assist other responding units. Agent Dover described that when he arrived at the site of the collision, he saw a 4Runner facing east and a Corolla facing north. Initially, he approached the Corolla to do a quick triage. Because he found the passenger side of the vehicle had caved in, he could not access the male passenger who made audible sounds while asking for help. Agent Dover next ran to the vehicle's other side and opened the driver-side door. There, he found a female slumped in her seat, appearing lifeless. As he pulled the female driver from the vehicle, he heard agonal breathing, or "a last breath type of situation." He placed her on a backboard, and soon located a faint and weak pulse.

Aided by a bystander and other responders, he initiated cardiopulmonary resuscitation (CPR) to assist the injured female. When the fire department arrived, he turned over her care to the firefighters. Although she was transported from the scene to a hospital, she was declared dead on arrival. Agent Dover soon returned to the passenger side of the Corolla. By then, the male passenger had already been extricated by others. Cutting the airbag that blocked his view, he looked inside the vehicle's compartment to assess whether any other passenger needed help. He next described to the jury that he only found the lower half of a child in the rear seat. As a result, he perceived the child as an obvious death on scene.

At trial, the medical examiner opined that the child's death was caused by "multiple blunt injuries, including complete transection of the torso." As to the female passenger who received CPR at the scene, the medical examiner opined that she died as a result of multiple blunt-force injuries consistent with being involved in a vehicle collision. The man survived the accident but sustained multiple fractures to both legs, a laceration to his perineum, and pelvic fractures. He spent weeks hospitalized in a critical care unit and underwent multiple operations. Over the course of several months, he underwent therapy and regained his ability to walk with the assistance of a cane.

Along with these witnesses, the State presented evidence establishing that Martinez's blood alcohol content (BAC) was tested within hours after the collision, and the lab results established a BAC of 226 milligrams per deciliter, or 2.8 times higher than the legal limit of .08. A crash-reconstruction expert concluded that Martinez caused the accident by driving his vehicle in the wrong direction on the highway, colliding head-on with the Corolla. Additionally, multiple witnesses identified Martinez as the driver of the Toyota 4Runner, which was registered in his

name. The State also presented evidence that Martinez told an officer he was coming back from Juarez where he had been drinking "a lot."

The jury returned a verdict of guilty on Counts I, II, and III of the indictment. The trial court had instructed the jury not to proceed to consider Counts IV and V unless they found Martinez not guilty under Counts I and II. Accordingly, the jury did not return a verdict as to Counts IV and V. When the trial proceeded to a punishment phase, the State presented evidence through one witness and Martinez presented testimony through four family members. At the conclusion of evidence, the jury assessed punishment at 15 years' confinement in TDCJ, with no fine, both as to Count I and Count II, respectively. As to Count III, the jury assessed punishment of ten-years' confinement in TDCJ with no fine. As a part of its recommendation for Count III, however, the jury further found that because Martinez had never been convicted of a felony, it recommended the suspension of the term of confinement and placement on community supervision.

The trial court entered two different judgments of conviction. The first concerned Counts I and II and imposed the recommended sentence of 15 years' confinement in TDCJ, with each sentence to run concurrently. As to Count III, the trial court entered a judgment sentencing Martinez to 15 years' confinement in TDCJ, probated for ten years. The State dismissed Counts IV and V. This appeal followed.

## ISSUES

Martinez presents two issues on appeal. First, he argues the trial court erred in sentencing him to 15 years' confinement for Count III because the sentence exceeded the statutory maximum. Second, Martinez contends the trial court erred in overruling his objection to the State's argument during its opening statement. We consider each issue in turn.

In his first issue, Martinez contests the trial court's imposition of 15-years' confinement in TDCJ as to Count III, asserting the sentence exceeds the statutory maximum. He seeks a reversal of the judgment as to Count III, and a remand of the case back to the trial court for a new sentencing trial.

## A. Standard of Review and Applicable Law

An unauthorized sentence is illegal and has no legal effect. *See Ex parte Rich*, 194 S.W.3d 508, 512 (Tex. Crim. App. 2006). Whether a sentence exceeds the range of punishment authorized by statute is a question of law that we review de novo. *See Yazdchi v. State*, 428 S.W.3d 831, 837 (Tex. Crim. App. 2014).

Relevant to this case, intoxication assault while operating a motor vehicle is a third-degree felony punishable by a term of not more than ten years or less than two years. *See* TEX. PENAL. CODE ANN. § 49.07 (a)(1), (c); TEX. PENAL. CODE ANN. § 12.34(a). "Absent a sentence not authorized by the applicable statute, a trial court may not alter a sentence assessed by a jury[.]" *State v. Aguilera*, 165 S.W.3d 695, 697 (Tex. Crim. App. 2005) (en banc). A trial court or reviewing court that has jurisdiction over a case may always notice and correct an illegal sentence, regardless of whether the defendant timely objected to the sentence. *Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003) (en banc).

## B. Analysis

Under Count III, Martinez was charged with intoxication assault while operating a motor vehicle, causing serious bodily injury to another, and the jury found him guilty of the charge. After the punishment phase concluded, the trial court instructed the jury that Count III was punishable by "a term of imprisonment for no less than two years and no more than ten years," and a fine of

not more than $10,000, or none at all. The jury recommended punishment at ten years' confinement with no fine. The jury further recommended Martinez' sentence be suspended, and placement on community supervision. However, when imposing the sentence as to Count III, the trial court's written judgment provided for a sentence of 15 years' confinement in TDCJ, which was then suspended, and Martinez was placed on community supervision for ten years.

The State concedes the trial court's judgment imposing 15 years' confinement for Count III exceeded the maximum allowable punishment and, thus, it was not authorized by law. To this extent, the State argues the judgment should be reformed to reflect the jury's assessment of ten years' confinement for Count III, not 15 years' confinement. *See* TEX. CODE CRIM. PROC. ANN. art. 42.01 § 1(7) (stating the trial court's judgment shall reflect the verdict of the jury); *Lafrienza v. State*, No. 08-13-00121-CR, 2015 WL 4985349, at *6 (Tex. App.—El Paso Aug. 21, 2015, pet. ref'd) (holding "an appellate court is authorized to reform or modify the judgment to conform to the record of the proceedings and to render an appropriate judgment"). Based on our review of the record, we agree.

Accordingly, we sustain Martinez's first issue. We modify the punishment portion of the trial court's judgment as to Count III to reflect ten years' confinement in TDCJ, which is suspended and probated for ten years.

### JURY ARGUMENT

In his second issue, Martinez contends the trial court erred in overruling his objection to the State's opening remarks. Specifically, Martinez argues that, during the State's opening statement, it made an improper argument by asking the jury to find him guilty.

At the start of the guilt/innocence phase of trial, the State presented its opening statement. As the prosecutor completed her opening remarks, the following exchange occurred:

6

THE STATE: At the end of this trial, ladies and gentleman, we are sure, we are confident, as the State, that you will find—

DEFENSE COUNSEL: Objection, Your Honor. This is getting into opening argument now as opposed to an opening statement. I think she has already said all the evidence that they are going to present. Then she should sit down.

THE COURT: Well, she can summarize what she anticipates asking— So go ahead. –what she thinks the evidence will show.

THE STATE: At the end of the trial, Your Honor, we hope you find the defendant guilty.

DEFENSE COUNSEL: Objection, Your Honor.

THE COURT: All right. Overruled.

Martinez contends the State made improper jury argument during its opening statement.

We review a trial court's rulings on opening statements for an abuse of discretion. *See Norton v. State*, 564 S.W.2d 714, 718 (Tex. Crim. App. [Panel Op.] 1978) (character and extent of opening statement subject to trial court's discretion). During an opening statement, "[t]he State's attorney shall state to the jury the nature of the accusation and the facts which are expected to be proved by the State in support thereof." TEX. CODE CRIM. PROC. ANN. art. 36.01(3); *see also Hullaby v. State*, 911 S.W.2d 921, 927 (Tex. App.—Fort Worth 1995, pet. ref'd). In reviewing whether improper comments by the prosecutor during opening statement constitute reversible error, appellate courts have determined whether, when viewed in conjunction with the record as a whole, the statement was so prejudicial as to deny appellant a fair trial. *Herrera v. State*, 915 S.W.2d 94, 97 (Tex. App.—San Antonio 1996, no pet.); *Brockway v. State*, 853 S.W.2d 174, 176 (Tex. App.—Corpus Christi 1993, pet. ref'd). A reviewing court should apply the factors set out in *Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (en banc), and consider: (1) the

magnitude of the prejudicial effect of the State's remarks; (2) the effectiveness of any cautionary instruction by the trial court; and (3) the strength of the evidence supporting the conviction.

From our review of the opening statement in its entirety and record as a whole, the State summarized what the evidence would show during its remarks. The prosecutor then stated that after hearing the evidence, she was confident the jury would return a verdict of guilty. We conclude that the opening statement was proper and in accord with the statute. TEX. CODE CRIM. PROC. ANN. art. 36.01(3).

Even if we were to conclude the challenged comments fell outside the scope of Article 36.01(3), we hold that Martinez failed to establish such error was harmful. *See Mosley*, 983 S.W.2d at 259. Martinez asserts the State's remarks served no purpose but to influence the jury's decision-making process and the trial court offered no measures to cure the misconduct. In responding, the State contends the comments were connected to the summation of the anticipated evidence and, in any event, the trial court had instructed the jury of the State's burden and the presumption of innocence that applied to Martinez. Thus, we agree with the State. Notably, Martinez does not dispute the evidence presented at trial supports his conviction. Nor does he otherwise direct this Court to any error that might have affected the certainty of his convictions. Thus, we further conclude that any error in the State's opening statement was harmless.

Accordingly, we overrule Martinez's second issue.

## CONCLUSION

We modify the punishment portion of the trial court's judgment as to Martinez's conviction of intoxication assault causing serious bodily injury while operating a motor vehicle (Count III only), such that the judgment imposes a sentence of ten years' confinement in TDCJ and no fine,

8

with such term of confinement suspended and he is placed on community supervision for ten years.

We otherwise affirm the judgment as modified.

GINA M. PALAFOX, Justice

November 7, 2023

Before Palafox, J., Soto, J., and Marion, C.J. (Ret.)
Marion, C.J. (Ret.), sitting by assignment

(Do Not Publish)